IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | |
|---|---|
| W. SCOTT DAVIS, | ) |
| | ) |
|       Petitioner, | ) |
| v. | )   Civil Action No. 5:22-00254 |
| | ) |
| WARDEN HATINA HECKARD, | ) |
| | ) |
|       Respondent. | ) |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the Court is Petitioner's "Rule 15(d) Supplement" and "Motion for T.R.O. – Emergency Injunction" (Document No. 11). Having examined the record, the undersigned respectfully recommends that Petitioner's above Supplement and Motion should be denied as moot.

**FACTUAL BACKGROUND**

On June 13, 2022, Petitioner, acting *pro se*, filed his Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241. (Document No. 1.) On June 27, 2022, Petitioner filed his "Rule 15(d) Supplement" requesting a temporary restraining order and preliminary injunction regarding his alleged restricted access to the courts. (Document No. 5.) On June 30, 2022, Petitioner filed his Application to Proceed Without Prepayment of Fees or Costs. (Document No. 6.) By Order entered on July 5, 2022, the undersigned determined that Petitioner's Application to Proceed Without Prepayment of Fees or Costs was deficient. (Document No. 10.) The undersigned, therefore, ordered Petitioner to "either (1) pay the $5.00 filing fee, or (2) file an appropriate Application to Proceed Without Prepayment of Fees and Costs by **August 5, 2022**." (Id.)

On July 7, 2022, Petitioner filed his "Motion for T.R.O. – Emergency Injunction" and

Memorandum in Support. (Document Nos. 11 and 12.) Specifically, Petitioner requests that the Court grant him a temporary retaining order and emergency injunction to prohibit staff at FCI Beckley from interfering with his access to this Court regarding his above Section 2241 proceeding. (Id.) In support, Petitioner alleges that staff interferes with his legal mail in violation of BOP policy. (Id.) Petitioner further alleges there is "unlawful and unconstitutional policy only at FCI Beckley, W.V. and not at any other FBOP institution." (Id.) Petitioner concludes that "FCI Beckley illegally and unconstitutionally denies access to the Court." (Id.) Finally, Petitioner alleges that Unit Manager Stennett improperly confiscated "all [his] legal property." (Id.)

Also on July 7, 2022, Petitioner filed a Motion to Appoint Guardian Ad Litem and a Memorandum in Support of his Section 2241 Petition. (Document Nos. 13 and 14.) On August 3, 2022, Petitioner filed a Supplemental Amended Section 2241 Petition. (Document No. 15.) On September 16, 2022, Petitioner filed a Notice of Change of Address and Motion for Extension to Time for Appointment of a Guardian Ad Litem. (Document No. 17.) On December 13, 2022, Petitioner filed a Motion for Appointment of Guardian Ad Litem and Counsel (Document No. 18) and a Memorandum in Support of his Section 2241 Petition.

## **THE STANDARD**

Rule 65(b) of the Federal Rules of Civil Procedure sets forth the limited circumstances under which a temporary restraining order can be granted as follows:

> A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

Fed. R. Civ. P. 65(b). Rule 65(a) provides that a court may issue a preliminary injunction only on notice to the adverse party. Fed. R. Civ. P. 65(a). The Fourth Circuit explained the different functions of temporary restraining orders and preliminary injunctions in Hoechst Diafoil Company v. Nan Ya Plastics Corporation, 174 F.3d 411, 422 (4th Cir. 1999), as follows:

> While a preliminary injunction preserves the status quo pending a final trial on the merits, a temporary restraining order is intended to preserve the status quo only until a preliminary injunction hearing can be held: '[U]nder federal law [temporary restraining orders] should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer.' Granny Goose, 415 U.S. at 439.

"A plaintiff seeking a preliminary injunction *must* establish that [1] he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20, 129 S.Ct. 365, 374, 172 L.Ed.2d 249 (2008)(emphasis added). [A]ll four requirements must be satisfied." The Real Truth About Obama, Inc. v. Federal Election Commission., 575 F.3d 342, 346 (4th Cir. 2009), *judgment vacated on other grounds*, 559 U.S. 1089, 130 S.Ct. 2371, 176 L.Ed.2d 764 (2010).[1] The Fourth Circuit has explains that "[b]ecause a preliminary injunction affords, on a temporary basis, the relief that can be granted permanently after trial, the party seeking the preliminary injunction must demonstrate by 'a clear showing' that, among other things, it is likely to succeed on the merits at trial." Id. Furthermore, the Supreme Court "rejected a standard that allowed the

---

[1] The United States Supreme Court vacated the original decision in *Real Truth* for further consideration in light of *Citizens United v. Federal Election Commission*, 558 U.S. 310, 130 S.Ct. 876, 175 L.Ed.2d 753 (2010). *The Real Truth About Obama, Inc. v. Federal Election Commission*, 559 U.S. 1089, 130 S.Ct. 2371, 176 L.Ed.2d 764 (2010). The Fourth Circuit, however, reissued its opinion on Parts I and II of its opinion. *The Real Truth About Obama, Inc. v. Federal Election Commission*, 607 F.3d 355 (4th Cir. 2010).

plaintiff to demonstrate only a 'possibility' of irreparable harm because that standard was 'inconsistent with our characterization of injunctive relief as an extraordinary remedy that may be awarded upon a clear showing that the plaintiff is entitled to such relief." Id.(citing Winters, 55 U.S. at 22, 129 S.Ct. at 375-76.) Thus, a Court may not issue a preliminary injunction or temporary restraining order "simply to eliminate a possibility of a remote future injury." Kates v. Packer, 2014 WL 1218905, * 3 (M.D.Pa. March 24, 2014)(quoting Holiday Inns of America, Inc. v. B&B Corp., 409 F.2d 614, 618 *3rd Cir. 1969)("The requisite for injunctive relief has been characterized as a 'clear showing of immediate irreparable injury,' or a 'presently existing actual threat.'"). The irreparable harm alleged by movant must be "neither remote nor speculative, but actual and imminent." Direx Israel, Ltd. v. Breakthrough Medical Corp., 952 F.2d 802, 812 (4th Cir. 1991), *abrogation recognized on other grounds*, Sarsour v. Trump, 245 F.Supp.3d 719, n. 6 (4th Cir. 2017); also see Kates, 2014 WL 1218905 at * 3(The irreparable harm must be "actual and imminent, not merely speculative.") As the Fourth Circuit has explained, the Court is no longer required to balance the irreparable harm to the respective parties. Real Truth, 575 F.3d at 347. Rather the movant must make a clear showing that he is likely to be irreparably harmed, and the Court must "pay *particular regard* for the public consequences in employing the extraordinary remedies of an injunction." Id.(citations omitted).

## **DISCUSSION**

"[A]s a general rule, a prisoner's transfer or release from a particular prison moots his claims for injunctive and declaratory relief with respect to his incarceration there." Rendelman v. Rouse, 569 F.3d 182, 186 (4th Cir. 2009). The Fourth Circuit has explained that "the transfer of an inmate from a unit or location where he is subject to the challenged policy, practice, or conditions, to a different unit or location where he is no longer subject to the challenged policy,

practice, or condition moots his claims for injunctive and declaratory relief, even if a claim for money damages survives." Incuma v. Ozmint, 507 F.3d 281, 286-87 (4th Cir. 2007); also see Rankins v. Rowland, 200 Fed.Appx. 207 (4th Cir. 2006)(finding inmate's request for a temporary restraining order and injunctive relief in connection with an allegation of inadequate ventilation was rendered moot by the inmate's transfer to a different prison); Taylor v. Riverside Regional Jail Authority, 2011 WL 602499, * 4 (E.D.Va. Dec. 2, 2011)("[T]he transfer or release of an inmate from the facility where he suffered the challenged conditions 'moots his claims for injunctive and declaratory relief' pertaining to his imprisonment."). According to the BOP Inmate Locator, Petitioner is currently incarcerated at Rochester FMC located in the District of Minnesota. Thus, Petitioner is no longer subjected to the alleged improper interference with his access to the court and legal mail by FCI Beckley staff members. There is no allegation or indication of interference with legal mail or access to the courts concerning Petitioner's current place of confinement. Smith v. West Virginia Regional Jail, 2013 WL 820584, * 2 (S.D.W.Va. March 5, 2013)(finding inmate's motion for temporary restraining order and preliminary injunction were moot where Petitioner had been transferred to a different facility and his allegations of possible abuse at his current facility were speculative). Accordingly, the undersigned respectfully recommends that Plaintiff's Supplement and Motion for Temporary Restraining Order or Preliminary Injunction be denied as moot.

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DENY as moot** Plaintiff's "Rule 15(d) Supplement" (Document No. 5) and "Motion for T.R.O. – Emergency Injunction" (Document No. 11).

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Frank W. Volk. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Petitioner shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Volk and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*, and transmit a copy to counsel of record.

Date: February 8, 2023.

Omar J. Aboulhosn
United States Magistrate Judge