UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

W. SCOTT DAVIS,

    Petitioner,

v.                        CIVIL ACTION NO. 5:22-cv-00254

KATINA HECKARD,

    Respondent.

## MEMORANDUM OPINION AND ORDER

Pending are Petitioner W. Scott Davis's motion for time to file a temporary restraining order and a preliminary injunction [Doc. 5] and his motion for a temporary restraining order and a preliminary injunction [Doc. 11]. The matters are ready for adjudication.

### I.

On June 13, 2022, Mr. Davis filed a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241, alleging various claims against employees at FCI Beckley. [Doc. 1]. The Court subsequently referred this case to the Honorable Omar J. Aboulhosn, United States Magistrate Judge, for submission of proposed findings and a recommendation ("PF&R"). [Doc. 3].

On June 27, 2022, Mr. Davis moved for, among other things, time to file a temporary restraining order and a preliminary injunction under *Federal Rule of Civil Procedure* 65.[1] [Doc. 5]. Shortly thereafter, on July 7, 2022, Mr. Davis moved under Rule 65 for a temporary

---

[1] Magistrate Judge Aboulhosn refers to this motion as the "Rule 15(d) Supplement." To the extent the Court has not addressed Mr. Davis's motion to supplement his § 2241 petition under *Federal*

restraining order and a preliminary injunction. [Doc. 11]. In support of his motions, he alleges that employees at FCI Beckley, operating under an "unlawful and unconstitutional policy only at FCI Beckley WV and not at any other FBOP institution," *id.* at 1, confiscated his legal documents and thus denied him access to the courts. [Docs. 5, 11, 12].

Magistrate Judge Aboulhosn filed a PF&R on February 8, 2023, recommending that the Court deny as moot Mr. Davis's motion for time to file a temporary restraining order and a preliminary injunction and his motion for a temporary restraining order and a preliminary injunction. [Doc. 21]. Magistrate Judge Aboulhosn based his decision on the fact that Mr. Davis had been transferred to another BOP facility. *Id.* at 4-5. Mr. Davis timely objected on February 21, 2023, asserting that he could be transferred back to FCI Beckley. [Doc. 23].

**II.**

The Court is required "to make a de novo determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court need not review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140 (1985). Further, the Court need not conduct de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

---

*Rule of Civil Procedure* 15(d), for good cause, the Court **GRANTS** that motion to that extent and permits his "Rule 15(d) Supplement" to remain filed on the docket.

### III.

Mr. Davis objects to Magistrate Judge Aboulhosn's PF&R on the ground that he could be transferred back to FCI Beckley. [Doc. 23]. Given this possibility, he disputes that his requests for a temporary restraining order and a preliminary injunction are moot. *Id.*

*Federal Rule of Civil Procedure* 65 provides for the issuance of temporary restraining orders and preliminary injunctions. The substantive standard applicable to both forms of relief is the same. *S.C. Progressive Network Educ. Fund v. Andino*, 493 F. Supp. 3d 460, 465 (D.S.C. 2020) (citing *Virginia v. Kelly*, 29 F.3d 145, 147 (4th Cir. 1994) (applying preliminary injunction standard to a request for temporary restraining order)). Pursuant to *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008), the movant "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Rule 65 does, however, provide different procedural requirements because "[w]hile a preliminary injunction preserves the status quo pending a final trial on the merits, a temporary restraining order is intended to preserve the status quo only until a preliminary injunction hearing can be held." *Hoechst Diafoil Co. v. Nan Ya Plastics Corp.*, 174 F.3d 411, 422 (4th Cir. 1999).

"[A]s a general rule, a prisoner's transfer or release from a particular prison moots his claims for injunctive and declaratory relief with respect to his incarceration there." *Rendelman v. Rouse*, 569 F.3d 182, 186 (4th Cir. 2009) (citing *Incumaa v. Ozmint*, 507 F.3d 281, 286-87 (4th Cir. 2007)). Here, Mr. Davis is no longer incarcerated at FCI Beckley. *Find an Inmate*, Fed. Bureau Prisons, https://www.bop.gov/inmateloc/ (Reg. No. 84944-083) (last visited Mar. 2, 2023). As a result, "he is no longer subject to the challenged policy, practice, or condition" underlying his

requests for injunctive relief. *Incumaa*, 507 F.3d at 286. Moreover, under *Federal Rule of Civil Procedure* 65, he was under no obligation to move for time to file his requests. Accordingly, Mr. Davis's motions are now moot.

In an effort to avoid this result, Mr. Davis asserts that his injuries are capable of repetition and yet will evade judicial review. [Doc. 23]. Indeed, such injuries provide an exception to the mootness doctrine if "(1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." *Incumaa*, 507 F.3d at 289 (citing *Spencer v. Kemna*, 523 U.S. 1, 17 (1998) (internal quotation marks and alteration omitted)). Even assuming that Mr. Davis will be incarcerated at FCI Beckley again, he cannot establish that his period of incarceration will be too short to fully litigate his requests. "Thus, even if [Mr. Davis's] injunction claim is capable of repetition, it is unlikely that it would persist in evading judicial review." *Rendelman*, 569 F.3d at 187.

Finally, Mr. Davis's new allegations that employees at his current facility, FCI Rochester, have engaged in the same activities as the employees at FCI Beckley are also unavailing. To begin, such allegations were not the subject of his initial request for relief. Magistrate Judge Aboulhosn therefore did not err in only considering the allegations against employees at FCI Beckley. Moreover, the Court cannot grant a temporary restraining order or a preliminary injunction against employees at FCI Beckley based upon the actions of employees at FCI Rochester. Should Mr. Davis wish to seek relief against the latter, he may file another motion with the Court.

## IV.

For the foregoing reasons, the Court **OVERRULES** Mr. Davis's objections [**Doc. 23**], **ADOPTS** the Magistrate Judge's PF&R [**Doc. 21**], and **DENIES AS MOOT** Mr. Davis's motion for time to file a temporary restraining order and a preliminary injunction [**Doc. 5**] and his motion for a temporary restraining order and a preliminary injunction [**Doc. 11**].

The Court **DIRECTS** the Clerk to transmit a copy of this written opinion and order to counsel of record and any unrepresented party.

ENTER: March 16, 2023

Frank W. Volk
United States District Judge