IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

W. SCOTT DAVIS,            )
                           )
       Petitioner,         )
                           )
v.                         )      Civil Action No. 5:22-00254
                           )
WARDEN KATINA HECKARD,     )
                           )
       Respondent.         )

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Petitioner's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 and Amended Section 2241 Petition. (Document Nos. 1 and 15.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 3.) Having examined Petitioner's Petition and Amended Petition, the undersigned finds and hereby respectfully recommends that such should be denied.

## FACT AND PROCEDURE

On May 12, 2022, Petitioner, acting *pro se*,[1] filed his Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241. (Document No. 1.) Initially, the undersigned notes that Petitioner's filings are largely incoherent, conclusory, and difficult to comprehend. It is very difficult to decipher

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). Although Petitioner's pleadings are entitled to liberal construction, "the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court." *Drummond v. South Carolina Dept. of Corrections,* 2012 WL 5077575 (D.S.C.2012 Oct. 1, 2012) (citing *Weller v. Dep't of Social Servs.,* 901 F.2d 387, 390-91 (4th Cir.1990). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully- armed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555 (2007)).

Petitioner's exact claims. Although this Court must liberally construe *pro se* filings, the Court is not required to make arguments on behalf of Petitioner. Minone v. McGrath, 435 F.Supp.2d 266 (S.D.N.Y. 2006)("Although the pleading requirements are construed liberally, '[l]iberal construction has its limits, for the pleading must at least set forth sufficient information for the court to determine whether some recognized legal theory exists upon which relief could be accorded the pleader.") First, Petitioner appears to allege that his due process rights were violated during a disciplinary hearing. (Id., p. 6.) Petitioner claims that BOP staff failed to comply with Policy Nos. 5207.09, 5207.11, 5217.02, and 3420.11. (Id.) Petitioner alleges that BOP "fraudulently fabricated" an incident report, which ultimately resulted in the loss of good conduct time. (Id.) Petitioner further complains that he was denied staff representation and access to exculpatory evidence. (Id.) Despite the foregoing allegations, Petitioner fails to identify the incident report he is challenging. (Id.) Second, Petitioner complains that he is being denied access to programming that could potentially earn him federal credit under the First Step Act. (Id.) Third, Petitioner appears to argue that he is improperly placed at FCI Beckley because it is a "Care Level 2 and medium security" and Petitioner is a "Care Level 3 and low security." (Id.) Fourth, Petitioner argues he is subjected to "unlawful and unconstitutional trust fund encumbrances and disbursements without authority." (Id., p. 7.)

On August 3, 2022, Petitioner filed an Amended Section 2241 Petition. (Document No. 15.) First, Petitioner appears to again argue that his due process rights were violated during disciplinary actions. (Id., pp. 6, 11, 13.) Second, Petitioner concludes that the BOP is not properly crediting him with good conduct time. (Id., pp. 6, 9 – 10.) Petitioner appears to argue that he is entitled to 54 days good conduct time "per term of incarceration" and "15 days of time credits for every 30 days of participation – successful." (Id.) Third, Petitioner claims he is a "Care Level 3."

(Id.) Thus, Petitioner complains he is being improperly house at FCI Beckley, which is a Care Level 2 facility. (Id.) Fourth, Petitioner appears to allege that his security classification is incorrect and FCI Beckley has not properly implemented the First Step Act. (Id., pp. 7, 12, 14.) Fifth, Petitioner argues that Warden Heckard improperly confiscated his legal property.[2] (Id., p. 9.) Sixth, Petitioner argues that that BOP staff are improperly opening his legal mail. (Id., p. 10.) Seventh, Petitioner states that he is "challenging the conditions of his confinement." (Id., pp. 10 and 12.) Eighth, Petitioner argues that he is being denied access to programming that could potentially entitle him to earned time credit under the First Step Act. (Id., p. 12.)

---

[2] Assuming Petitioner properly exhausted his claim regarding the confiscation of his legal property, a Section 2241 petition is an improper avenue in which to challenge such because the duration of Petitioner's sentence is not implicated. *See Rivernider v. Joyner*, 2018 WL 4560716, fn. 2 (D.S.C. Jan. 17, 2018)(dismissing petitioner's claims concerning the conditions of his confinement to the extent such claims were asserted in his Section 2241 action); *Roudabush v. Warden*, 2018 WL 3979858, * 1 (D.S.C. July 18, 2018)(finding a Section 2241 petition improperly raised claims of harassment, unsanitary food, and lack of mental health care); *Hargrove v. Masters*, 2017 WL 712758 * 2 (S.D.W.Va. Feb. 23, 2017)(J. Faber)(finding that petitioner's challenge to his conditions of confinement was properly construed as a *Bivens* action "because 'challenges to the conditions of [] confinement are not cognizable under § 2241, but instead must be pursued through a *Bivens* action…'"); *Crooker v. Stewart*, 2015 WL 1210209, * 3 (D.Md. March 13, 2015)(finding that alleged violations of the Eighth Amendment should be addressed by a *Bivens* or Section 1983 action, not in a Section 2241 petition). To the extent Petitioner is asserting a procedural due process claim based upon alleged conditions creating an atypical or significant hardship, such are properly asserted in a *Bivens* action. A *Bivens* action is a judicially created damages remedy which is designed to vindicate violations of constitutional rights by federal actors. *See Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 395-97, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). If a prisoner "seeks a different program, location, or environment, his challenge is to the condition of his confinement rather than the fact of his confinement and his remedy is under civil rights law." *Campbell v. Deboo*, 2011 WL 1694454, * 2 (N.D.W.Va. May 4, 2011); *also see Biedrzycki v. O'Brien*, 2011 WL 6748505 (N.D.W.Va. Oct. 14, 2011)(dismissing petitioner's Section 2241 claim where petitioner was "merely challenging the B.O.P.'s reliance on information in his PSR that was used to determine his custody classification and security level, neither of which affect the duration of his sentence"). To the extent Petitioner argues that he has a protected interest in participating in certain rehabilitative programs, it is well established that an inmate has no federal right to demand rehabilitative programs. *Moody v. Daggett*, 429 U.S. 78, 88, n. 9, 97 S. Ct. 274, 279, n. 9, 50 L. Ed. 2d 236 (1976)(holding that federal prisoners have no statutory or constitutional right to participate in rehabilitative programs while incarcerated); *Acree v. Clark*, 86-7167, 1986 WL 18023 (4th Cir. Nov. 10, 1986) *citing Bowring v. Godwin*, 551 F.2d 44, 48 n 2 (4th Cir. 1977)(stating that "[i]t has been widely recognized that rehabilitation is one of the primary purposes and goals of incarceration, although it is not mandated by any provision of the Constitution"); *Tooley v. Ballard*, 20212 WL 1036263, * 4 (S.D.W.Va. March 27, 2012)(J. Faber)(finding there is simply no federal requirement for a prison to provide rehabilitation or reentry programs to inmates); *Gill v. United States Parole Commission, et al.*, 692 F. Supp. 623, 628 (E.D.Va. 1988)(holding that the sentencing Court's order recommending that petitioner be placed in a drug rehabilitation program failed to vest any fundamental right in plaintiff to participate in such program); and *Pace v. Fauver*, 479 F. Supp. 456, 459 (D.N.J. 1979)(holding that prison officials' refusal to allow state prisoners to establish and operate an alcoholic rehabilitation program within the prison was not a violation of the Fifth, Eighth or Fourteenth Amendment).

As Exhibits, Petitioner attaches the following: (1) Copies of Petitioner's "Inmate Request to Staff" (Id., pp. 16 – 17); (2) A copy of "Information for Inmate Population" dated July 17, 2022, regarding "Special Purpose Commissary Operations Pilot Program" (Id., p. 18); (3) A copy of Warden Heckard's Response to Petitioner's Inmate Request to Staff dated June 28, 2022 (Id., p. 19); (4) A copy of Warden Heckard's Response to Petitioner's Inmate Request to Staff dated May 9, 2022 (Id., p. 19); (5) A copy of information concerning "FSA Time Credits Program" (Id., p. 21); and (6) A copy of a "Letter of Response" addressed to Petitioner from the BOP regarding his Complaint of disability discrimination (Id., pp. 22 – 23).

On December 13, 2022, Petitioner filed a Memorandum in Support. (Document No. 19.) First, Petitioner argues that Respondent is failing to "properly calculate Petitioner's federal time credits in which the Petitioner should have already been released to RRC." (Id.) Second, Petitioner complains he was placed in disciplinary and administrative segregation without due process." (Id.) Finally, Petitioner argues that the BOP has denied the "access to the courts." (Id.) As an Exhibit, Petitioner attaches pages from his "Inmate Discipline Data Chronological Disciplinary Record." (Id., pp. 3, 5, 7.)

By Order entered on February 22, 2023, the Court ordered that Respondent file an Answer to the allegations contained in the Petitioner's Petition and show cause, if any, why the Writ of Habeas Corpus sought by the Petitioner in this case should not be granted. (Document No. 33.) On April 14, 2023, Respondent filed his Response to the Order to Show Cause. (Document No. 42.) Respondent argues that Petitioner's Petition should be denied based upon the following: (1) "Petitioner has failed to exhaust administrative remedies" (Id., pp. 2 – 3); (2) Petitioner's Petition should be dismissed for failure to state a claim (Id., pp. 3 – 4); (3) "The majority of Petitioner's allegations are not cognizable in a habeas action" (Id., pp. 4 – 6); (4) Petitioner fails to allege with

specificity how his due process rights were violated in relation to his disciplinary history, and he failed to exhaust his administrative remedies in relation to any of his nine incident reports (Id., pp. 6 – 7); and (5) Petitioner has received the full possible benefit of First Step Act earned time credits because his sentence computation reflects that 365 days of earned time credits have been applied to his sentence (Id., pp. 7 – 10).

As Exhibits, Respondent attaches the following: (1) The Declaration of Misty Shaw (Document No. 42-1, pp. 2 - 3); (2) A copy of Petitioner's "Inmate History Adm-Rel" dated March 1, 2023 (Id., pp. 5 – 8); (3) A copy of Petitioner's "Administrative Remedy Generalized Retrieval" dated March 1, 2023 (Id., pp. 10 – 45); (4) A copy of Petitioner's "Inmate Discipline Data" dated March 1, 2023 (Id., pp. 47 – 49); and (5) A copy of Petitioner's "Sentence Monitoring Computation Data as of 03-01-2023" (Id., pp. 51 – 52).

By Order and Notice entered on April 17, 2023, the undersigned notified Petitioner of his right to file a Reply to Respondent's Response. (Document No. 43.) Also on April 17, 2023, Petitioner filed what appears to be a two separate Amended Section 2241 Petitions challenging the validity of his underlying conviction and sentence imposed by the Eastern District of North Carolina. (Document Nos. 44 and 45.) On May 1, 2023, Petitioner filed what appears to be an additional Amended Section 2241 Petition challenging the validity of his underlying conviction and sentence imposed by the Eastern District of North Carolina.[3] (Document No. 52.) Petitioner,

---

[3] The undersigned declines to consider Petitioner's Amended Petitions filed on April 17, 2023, and May 1, 2023. (Document Nos. 44, 45, and 52.) Rule 15(a)(1)(A) of the Federal Rules of Civil Procedure provides that a party may amend his pleadings "once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Petitioner previously filed an Amended Petition on August 3, 2022 (Document No. 15), and Petitioner neither received permission from the Court to further amend his petition nor obtained Respondent's written consent as required by Rule 15(a)(2) of the Federal Rules of Civil Procedure prior to filing the above Amended Petitions on April 17, 2023, and May 1, 2023. Thus, the Amended Petitions (Document Nos. 44, 45, and 52) were improperly filed. The undersigned further finds that the claims Petitioner wishes to assert in his Amended Petitions (challenge to his

Case 5:22-cv-00254 Document 54 Filed 05/12/23 Page 6 of 12 PageID #: 275

however, failed to file a Reply to Respondent's Response.

## ANALYSIS

Generally, a federal inmate must exhaust available administrative remedies before filing a writ of habeas corpus in federal court. Boumediene v. Bush, 553 U.S. 723, 128 S.Ct. 2229, 171 L.Ed.2d 41 (2008); Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 490-91, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973)(requiring exhaustion in a Section 2241 action). Although 28 U.S.C. § 2241 does not contain a statutory exhaustion requirement, Courts consistently require prisoners to exhaust their administrative remedies prior to seeking *habeas* review under Section 2241. See Timms v. Johns, 627 F.3d 525, 530-33 (4th Cir. 2010); McClung v. Shearin, 90 Fed.Appx. 444, 445 (4th Cir. 2004)(unpublished)(citing Carmona v. Bureau of Prisons, 243 F.3d 629, 634 (2nd Cir. 2001)); Pelissero v. Thompson, 170 F.3d 442, 445 (4th Cir. 1999); Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994). Exhaustion allows prison officials to develop a factual record and an opportunity to correct their own errors before being haled into Court. See Jones v. Bock, 549 U.S. 199, 204, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007); McCarthy v. Madigan, 503 U.S. 140, 144-45, 112 S.Ct. 1081, 117 L.Ed.2d 291 (1992). The purpose of exhaustion, however, is frustrated "[w]hen an inmate attempts to exhaust an issue before the issue is ripe for review [because] the BOP is deprived of its opportunity to properly address the issue before being haled into court." Specter v. Director, 2010 WL 883733, * 4 (D.S.C. Mar. 5, 2010)(slip copy)(finding that petitioner failed to properly exhaust his claim for RRC placement because "no recommendation or decision had been made in his case yet and would not occur until 17 to 19 months prior to his anticipated release date").

---

underlying conviction and sentence) do not relate back to the allegations contained in Petitioner's original Section 2241 Petition in the above action. To the extent Petitioner wishes to challenge the validity of his underlying conviction in sentence via a Section 2241 Petition, Petitioner may file a new Section 2241 action asserting his new claim.

6

Unlike the exhaustion requirement for Section 1983 and Bivens actions, the exhaustion requirements for Section 2241 Petitions are judicially imposed. See Moscato v. Federal Bureau of Prisons, 98 F.3d 757 (3rd Cir. 1996); McCallister v. Haynes, 2004 WL 3189469 (N.D.W.Va. 2004). Since the exhaustion requirement for a Section 2241 Petition is judicially imposed, the Court has discretion to waive that requirement in certain circumstances. See LaRue v. Adams, 2006 WL 1674487, * 8 (S.D.W.Va. June 12, 2006)(citing Smith v. Angelone, 111 F.3d 1126, 1129-31 (4th Cir.), cert. denied, 521 U.S. 1131, 118 S.Ct. 2, 138 L.Ed.2d. 1036 (1997)); also see Reeder v. Phillips, 2018 WL 2434003, * 3 (N.D.W.Va. June 12, 2008)(Since the statute authorizing habeas matters does not expressly require administrative exhaustion, the court retains discretion to disregard the exhaustion requirement in "pressing circumstances."). Courts, therefore, have recognized that exhaustion may be excused under certain circumstances, such as by a showing of futility or irreparable injury. It is clear, however, that "[e]xhaustion of administrative remedies is not rendered futile simply because an inmate anticipates he will be unsuccessful in his administrative appeals." Wright v. Warden, 2010 WL 1258181, * 1 (D.Md. Mar. 24, 2010)(slip copy); also see Reeder, 2008 WL 2434003, at * 3("Unless the agency is *certain* to rule adversely, however, a petitioner's unsupported prediction of failure does not excuse his lack of administrative exhaustion.")(emphasis added).

The BOP has established an Administrative Remedy Program, 28 C.F.R. § 542.10, *et seq.*, through which an inmate may seek formal review of issues or complaints relating to confinement. Depending upon at what level an inmate initiates it, the BOP's Administrative Remedy Program is a three-step or four-step grievance procedure. As a general matter, a federal inmate is required first to attempt to resolve his complaints informally by the submission of an "Inmate Request to Staff Member" form. 28 C.F.R. § 542.13. The inmate's request may be rejected if improper, and

the inmate will then be advised of the proper administrative procedure. Id. Within 20 days after the circumstances occurred which are the subject of the inmate's complaints, the inmate must complete this first step and submit a formal "Administrative Remedy Request" on a BP-9 form to an institution staff member designated to receive such Requests, 28 C.F.R. § 542.14(a) and (c)(4), or under exceptional circumstances to the appropriate Regional Director. Id., § 542.14(d). The Warden of the institution and the Regional Director must respond to the inmate's Request within 20 and 30 days respectively. Id., § 542.18. If the inmate's Request was directed to the Warden of the institution and the Warden's response is unfavorable, the inmate may appeal within 20 days to the Regional Director on a BP-10. Id., § 542.15(a) and (b). If the Regional Director's response is unfavorable, the inmate may appeal to General Counsel on a BP-11 form within 30 days after the Regional Director signed the response. Id., § 542.15(a). General Counsel has 40 days to respond to the inmate's appeal. Id., § 542.18. The administrative process is exhausted when General Counsel issues a ruling on the inmate's final appeal. Id., § 542.15(a). The entire process takes about 120 days to complete. An inmate's submission may be rejected at any level for failure to comply with the administrative remedy requirements or if the submission is written in an obscene or abusive manner. Id., § 542.17(a). The inmate will be provided with notice of any defect and whether the defect is correctable. Id., § 542.17(b). If a request or appeal is rejected and the inmate is not given an opportunity to correct the defect and resubmit, the inmate may appeal the rejection to the next appeal level. Id., § 542.17(c).

In his Petition and Amended Petition, Petitioner indicates that he did not exhaust his administrative remedies because such was unavailable due threats, intimidation, harassment, retaliation, and denial of administrative remedy forms. (Document Nos. 1 and 15.)

In her Response, Respondent argues that Petitioner's Section 2241 Petition should be

denied because Petitioner did not exhaust his administrative remedies. (Document No. 42, pp. 2 - 3.) Although Respondent acknowledges that Petitioner claims the administrative remedy process was not available to him at FCI Beckley, Respondent states that the record does not support such a finding. (Id.) In support, Respondent submits the Declaration of Misty Shaw, a Paralegal at the Mid-Atlantic Regional Office Consolidated Legal Center. (Document No. 42-1, pp. 2 - 3.) Ms. Shaw declares that in her position she has access to SENTRY, the Bureau of Prisons' online system containing, among other things, information about inmates' administrative remedy filings. (Id.) Ms. Shaw acknowledges that Petitioner has fully exhausted two administrative remedies, but neither is related to the above claims asserted in Petitioner's Petitions. (Id.) Specifically, Mr. Shaw states, in pertinent part, as follows:

\* \* \*

4. From February 10, 2020, through August 2, 2022, he was incarcerated at the Federal Correctional Institution ("FCI"), Beckley, West Virginia.

5. A review of Petitioner's administrative remedy history shows Petitioner has filed 376 administrative remedies while incarcerated.

6. Of these remedies, only two were exhausted through the Central Office level: 1014193-A2 regarding legal copies, and 1013711-A4 regarding his appeal of Special Management Unit placement.

7. Petitioner was able to file nine administrative remedies while incarcerated at FCI Beckley.

\* \* \*

(Id., pp. 2 - 3.) As an Exhibit, Ms. Shaw attaches a copy of Petitioner's "Administrative Remedy Generalized Retrieval" dated March 1, 2023. (Id., pp. 10 - 45.) Petitioner failed to file a Reply disputing the foregoing.

Based upon a review of the record, the undersigned finds that Petitioner failed to fully exhaust his available administrative remedies. As stated above, it is undisputed that Petitioner failed to fully exhaust his administrative remedies concerning the claims contained in his Petition

9

and Amended Petition. Petitioner, however, contends that he should be excused from exhausting his remedies because the administrative remedy process was unavailable. Whether an administrative remedy has been exhausted "is a question of law to be determined by the judge." Creel v. Hudson, 2017 WL 4004579, * 3 (S.D.W.Va. Sep. 12, 2017)(J. Johnston); at * 3; also see Woodhouse, 741 Fed.Appx. at 178 ("Judges may resolve factual disputes relevant to the exhaustion issue without the participation of a jury.") In his Petition and Amended Petition, Petitioner concludes the administrative remedy process was rendered unavailable due to his fear of retaliation and the denial of forms. Such bare and conclusory assertions without producing a scintilla of evidence is insufficient to create a genuine dispute of material fact. See Silling v. Erwin, 881 F.Supp. 236, 237 (S.D.W.Va. 1995)(a party must offer more than bare allegations or conclusory statements to survive a motion for summary judgment). Despite his alleged fear of retaliation and the denial of forms, the record reveals that Petitioner has filed at total of 376 administrative remedies. (Document No. 41-1, pp. 2, 10 – 45.) During his confinement at FCI Beckley (February 10, 2022 through August 2, 2022), Petitioner filed nine administrative remedies. (Id., pp. 2 – 3, 40.) Specifically, Petitioner was able to file administrative remedies on the following dates: April 29, 2022; May 2, 2022; June 2, 2022; July 13, 2022; July 14, 2022; and July 18, 2022. (Id., p. 40 and Document No. 15, pp 16 – 17, 19 – 20.) Petitioner's ability to file the above administrative remedies, prior and subsequent to the filing of his initial Petition on June 13, 2022, exhibits that the administrative remedy process was available to Petitioner. See Ferguson v. Clarke, 2016 WL 398852, * 6 (W.D.Va. Jan. 6, 2016)(inmate's allegation that the administrative process was unavailable was belied by evidence that inmate submitted other grievances within the same period); Al Mujahidin v. Harouff, 2013 WL 4500446, * 7 (D.S.C. Aug. 21, 2013)(finding that inmate could not avoid summary judgment by simply asserting an unsupported allegation that

his grievances were not processed or destroyed, in light of documentary evidence showing that other grievances were processed). Petitioner has failed to refute the specific allegations contained in Ms. Shaw's Declaration and the Exhibit in support (Petitioner's Administrative Remedy Generalized Retrieval). (Document No. 42-1, pp. 2 – 3, 10 - 45.) Based upon the foregoing, the undersigned finds that Petitioner clearly failed to exhaust his available administrative remedies concerning his claims when he filed the instant Petition, and he has not demonstrated any facts supporting a finding that the administrative remedy process was futile. Accordingly, the undersigned respectfully recommends that the District Court dismiss the above action because Petitioner failed to properly exhaust the available administrative remedies prior to filing his Petition and has not demonstrated that such administrative remedies were futile.

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DENY** Petitioner's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 and Amended Petition (Document Nos. 1 and 15), and **REMOVE** this matter from the Court's docket.[4]

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Frank W. Volk. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days

---

[4] It is hereby **ORDERED** that Petitioner's Application to Proceed Without Prepayment of Fees and Costs (Document No. 6) filed on June 30, 2022, is **DENIED as moot**. By Order entered on July 5, 2022, the undersigned notified Petitioner that his Application (Document No. 6) was deficient and directed Petitioner to file an appropriate Application to Proceed Without Prepayment of Fees and Costs. (Document No. 10.) On February 21, 2023, Petitioner filed an appropriate Application to Proceed Without Prepayment of Fees and Costs that the Court granted on February 22, 2023. (Document Nos. 24 and 33.)

(filing of objections) and three (3) days (if received by mail) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Volk, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*, and counsel of record.

ENTER: May 12, 2023.



Omar J. Aboulhosn
United States Magistrate Judge