AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

# UNITED STATES DISTRICT COURT
for the

FILED

MAY 15 2023

RORY L. PERRY II, CLERK
U.S. District Court
Southern District of West Virginia

WILLIAM SCOTT DAVIS JR
_____
*Petitioner*

v.

WARDEN KATINA HECKARD:
COLLETTE PETERS F.B.O.P DIRECTOR
MERRICK GARLAND U.S.A.G
_____
*Respondent*
*(name of warden or authorized person having custody of petitioner)*

Case No. 5:22-CV-00254
_____
*(Supplied by Clerk of Court)*

## PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

### Personal Information

1.  (a) Your full name:  William Scott Davis JR
    (b) Other names you have used:
2.  Place of confinement:
    (a) Name of institution:  F.M.C. Rochester
    (b) Address:  2110 East Center Street

    (c) Your identification number:  84944-083
3.  Are you currently being held on orders by:
    ☒ Federal authorities    ☐ State authorities    ☐ Other - explain:

4.  Are you currently:
    ☐ A pretrial detainee (waiting for trial on criminal charges)
    ☒ Serving a sentence (incarceration, parole, probation, etc.) after having been convicted of a crime
    If you are currently serving a sentence, provide:
    (a) Name and location of court that sentenced you:  US DC ED NC WD
    310 New Bern Ave Raleigh NC 27601
    (b) Docket number of criminal case:  5:14-CR-240-D
    (c) Date of sentencing:  3/22/2018
    ☐ Being held on an immigration charge
    ☐ Other *(explain)*:

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Decision or Action You Are Challenging

5.  What are you challenging in this petition:

☒ How your sentence is being carried out, calculated, or credited by prison or parole authorities (for example, revocation or calculation of good time credits)  & 18 USC 3632(d)(4)(A)(ii)

☐ Pretrial detention

☐ Immigration detention

☐ Detainer

☒ The validity of your conviction or sentence as imposed (for example, sentence beyond the statutory maximum or improperly calculated under the sentencing guidelines) Actual & Factual Innocence

☒ Disciplinary proceedings 28 CFR 541.1-8 Denial of Due Process

☒ Other (explain): F.B.O.P interpretaions: 18 USC 3632 et seq;28 CFR §§523.4-523.44, 541; 18 USC 3632 et seq; P/S 5410.01 CN-2; P/S 7320.01 CN-2; 34 USC 60541 et seq; CARES ACT PL No.116-136 COVID-19: 18 USC 3621 et seq; P/S 5050.50 18 USC 3582(c)(1)(A)P/S 4500.12; P/S5380.08; 5322.13; 5265.09 CN-2;5217.07; 1330.18; 1315.07.

6.  Provide more information about the decision or action you are challenging:

(a) Name and location of the agency or court:  F.B.O.P & US DC ED NC WD Raleigh NC: & FCI Beckely WV.

(b) Docket number, case number, or opinion number:  5:14-CR-240-D(EDNC) ECF 906

(c) Decision or action you are challenging (for disciplinary proceedings, specify the penalties imposed): I/R #'s: 3354941; LGT 27 days: 3229937 LGT 40 Days: 3146610 LGT 27 Days; 3145493 LGT 27 Days:3217625; 3139568; 3141466; 3141468; 2982628 denial motion 18 USC 3582(c)(1)(A) US v. Davis 5:14-CR-240-D(EDNC) ECF 1106 on accout of 28 CFR 541.3.: 18 USC 3632(d)(4)

(d) Date of the decision or action:  12/18/2018- Present Denial 18 USC 3632(d)(4)(A)(ii

## Your Earlier Challenges of the Decision or Action

7.  First appeal

Did you appeal the decision, file a grievance, or seek an administrative remedy?

☒ Yes   ☐ No

(a) If "Yes," provide:

(1) Name of the authority, agency, or court:  F.B.O.P.   Institution Level

(2) Date of filing: At Time of 18 USC 3632(d)(4)(A)(ii) not calculated

(3) Docket number, case number, or opinion number:  Staff never turned in BP-9

(4) Result: Undetermined  denied access 28 CFR 542 et Seq

(5) Date of result: None

(6) Issues raised:  18 USC 3632(d)(4)(A)(ii) 12/18/2018 to Present; & 02/10/2022 through 08/02/22; faiures to properly calcuate FSA/FTC 15 Days per month on Waithing List: 18 USC 3632(a)(3): 28 CFR 523.41(a)-(b); 18 USC §§ 3632(a)(5), 3621(h)(1)(A): 28 CFR 523.42(b)(3) Staff 18 USC 1001, 18 USC 241,242,249 P/S 3420.11; 1350.01; 1210.24 violations 18 USC 3632(d)(4).

Page 3 of 10

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

Including: Neal v Hogan 2022 US App Lexis 29399 *2 (CA4);
Brown v Chapman 2022 US App Lexis 7191 (CA4): Myles v Edwards
813 Fed App'x 130 (CA4 2020): Curtis v. Davis 851 F3d 358 (CA4 2017)

(b) If you answered "No," explain why you did not appeal: Ross v Blake 587 US 632 (2016) at
632, 643-44.

8.    Second appeal

After the first appeal, did you file a second appeal to a higher authority, agency, or court?

☒Yes          ☐No

(a) If "Yes," provide:

   (1) Name of the authority, agency, or court: F.B.O.P  Regional office

   (2) Date of filing: At time of no response B-9 of 20 days

   (3) Docket number, case number, or opinion number:

   (4) Result: Staff not mailing indigent Legal Mail BP-10

   (5) Date of result: Unknown

   (6) Issues raised: Denial accesst: 28 CFR 542 et seq, 28 CFR 543.11,
Staff misconduct thwarting 18 USC 3632(d)(4)(A)(ii) violations
of P/S 3420.11; 1350.01; 1210.24 violations P/S 5400.01. non-
compliances: 18 USC §§§ 3621(h); 3624(g); 3624(d)(4): 34 USC 60541
improper interpetation obstructing excelerated release: Including
Neal v Hogan 2022 US App Lexis 29399 *2 (CA4); Brown v Chapman 2022
US App Lexis 7191 (CA4): Curtis v Davis 851 F 3d358 (CA4 2017)

(b) If you answered "No," explain why you did not file a second appeal: Ross v Blake 587 US 623
(2016) at 632, 643-44.

9.    Third appeal

After the second appeal, did you file a third appeal to a higher authority, agency, or court?

☒Yes          ☐No

(a) If "Yes," provide:

   (1) Name of the authority, agency, or court: F.B.O.P Central office

   (2) Date of filing: 20-30 days no response BP-10

   (3) Docket number, case number, or opinion number: Undetermined

   (4) Result: Staff not mailing indigent BP-11 Legal Mail

   (5) Date of result: Undetermined

   (6) Issues raised: 18 USC 241,242, 249, 18 USC 1001 Staff Misconduct:
Thwarting 18 USC 3632(d)(4): CARES ACT COVID-19: 18 USC 3621(h);
18 USC 3624(g): 34 USC 60541 improper statutory interpretations &

F.B.O.P  P/S 5162.05 Definition crime of violence unconstutionally
vauge depriving petition of excellerate release.

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

Erroneous rejections BP 8's, 9's, 10's, 11's, no responses to BP-9's, 10's, 11's, 8's., Remedy forms BP's, 8's, 9's not being entered into SENTRY after having been hand delivered to Wardens, A/W's, Unit Manager, Counselor: All instutions Thwarting P/S 1330.18

(b) If you answered "No," explain why you did not file a third appeal: Same as 1st & 2nd Appeals See Ross v. Blake 578 US 632 (2016) at 632, 644-44: Neal v Hogan 2022 US App Lexi 29399 (CA4) Troy v Davis 2022 US App Lexis 34657(CA4):Griffin v. Bryant 56 F4th 328 (CA4-2022);:Show v Foreman 59 F4th 121(CA4 2022):Martin v Duffy 858 F3d 258 (CA4 2017)

10.    Motion under 28 U.S.C. § 2255

In this petition, are you challenging the validity of your conviction or sentence as imposed?

☒ Yes        ☐ No

If "Yes," answer the following:

(a)    Have you already filed a motion under 28 U.S.C. § 2255 that challenged this conviction or sentence?

☒ Yes        ☐ No

If "Yes," provide:

(1) Name of court:    US DC ED NC WD

(2) Case number:    5:22-CV-233-D

(3) Date of filing:    03/04/22

(4) Result:    Never Rule on Merrit: 5:14-CR-240-D ECF 1106.

(5) Date of result:    11/09/22

(6) Issues raised:    ECF 1046 Castro v US 540 US 375 (2003) violation ECF 1080; McCoy v Louisiana 138 S.Ct 1500(2018): US v Williams 2022 US App Lexis 2064(CA4) US v Glover 8F4th 239 (CA4 2021): Crandell v US 703 f.2d 74(CA4 1983): Pollard v. Fennell 400 f.2d 421(CA4 1968): Pace v. DiGujlielmo 544 US 408 (2005): Buck v Davis 137 S.Ct 756 (2017): Gonzalez v Crossy 545 US 524(2005); Herrea v Collins 506 US 390 (1993); Jackson v Virgina 443 US 307 (1979); Bailey v Glover 88 US 350 (1874); US v Emmanuel 288 f.3d 649 (CA4 2003): Ex Parte Hull 312 US 546 (1941); Liljeberg v. Health Serv's Accq'n Corp 486 US 847 (1988) See ECF 1091 US v Davis 5:14-CR-240-D

(b)    Have you ever filed a motion in a United States Court of Appeals under 28 U.S.C. § 2244(b)(3)(A), seeking permission to file a second or successive Section 2255 motion to challenge this conviction or sentence?

☐ Yes        ☒ No

If "Yes," provide:

(1) Name of court: _____

(2) Case number: _____

(3) Date of filing: _____

(4) Result: _____

(5) Date of result: _____

(6) Issues raised: _____

_____

_____

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

_____
_____
_____
_____

(c)    Explain why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge your
conviction or sentence: Actual & Factual Innocence Schlup v Delo 513 US 298(19
95) McQuiggens v Perkins 569 US 383(2017). Bousley v US 523 US 621 (1998). No unob-
struced § 2255, No Access to Court ECF 1103.
US v. Davis 5:14-CR-240-D ECF 843, 1066, 1103 rendering § 2255 inaccessable, inadqu-
ate & Ineffective. ECF 964 & 1066 ordered ECF 1091 § 2255 form 03/04/22 that was
Unlawfully & Unconstituionally Struck from Courts Docket; ECF 1046 Never any § 2255
the court
The Court unlawfully & unconstitutional rechaterized a notice as an initial § 2255
without notice & opportunity to be head.
FACT: F.R.Evid 106 Actual and Factua; Innocence US-FBI Digital Storage & Thoshiba
Labtop evidence illegally suppressed by USA; 1st Amendment protection from 18 USC
2261A(2)(B) & 875(c) E-Mails drafted and Sent by Elizabeth A Sorokos & Not Davis.

11.    Appeals of immigration proceedings

Does this case concern immigration proceedings?

☐ Yes        ☒ No

If "Yes," provide:

(a)    Date you were taken into immigration custody: _____

(b)    Date of the removal or reinstatement order: _____

(c)    Did you file an appeal with the Board of Immigration Appeals?

☐ Yes        ☐ No

If "Yes," provide:

(1) Date of filing: _____

(2) Case number: _____

(3) Result: _____

(4) Date of result: _____

(5) Issues raised: _____

_____
_____
_____
_____
_____
_____

(d)    Did you appeal the decision to the United States Court of Appeals?

☐ Yes        ☐ No

If "Yes," provide:

(1) Name of court: _____

(2) Date of filing: _____

(3) Case number: _____

Date of Decison or Action Challened:12/13/22 US v. Davis 5:14-CR-240-D ECF 906

Your Earler Challenges of the Decision or Action

\#     First Appeal

Did you appel the Decision ?

X-Yes

(a) If "Yes" Provide:

       (1) Name of the Court: USCA-4 / Direct Appeal

       (2) Date of filing: 03/22/2018

       (3) Dockent Number: 18-4201

       (4) Result: Conviction Affirmed US v Davis 801 F Appx 80 (CA4 2020)

       (5) Date of Resule:  01/21/2020

       (6) Issues Raised: See Breif's

(b) If not appealed explaine why.

\#     Second Appeal

Did you appeal the Decision ?

X-Yes

(a) If "YES" Provaide:

       (1) Name of the Court: USCA-4 / Petition for rehearing EN BANC

       (2) Date of filing:

       (3) Docket Number: 18-4201

       (4) Result: Petition Re Hearing En Banc Denied

       (5) Date of Result: 04/21/20

       (6) Issues Raised: see petition re hearing en banc.

(b) If not appealed explaine why ?

\#     Third Appeal

Did you appeal the decision ?

X-Yes

(a) If "Yes" Provide:

       (1) Name of the Court: United States Supreme Court

       (2) Date of Filing : Davis v US 141 S.Ct. 937

       (3) Docket Number: 20-1678

       (4) Petition Writ Cert  Denied

       (5) Date of Result: 12-07/20

       (6) Issues Raised: See Petition for Writ Cert.

(b) If not appealed explaine why :  Rehearing denied (02-22-21)

                    Date of Decisions or actions being Challenged

| #:  | DHO | 3354941 | Date 01-30-2020 | LGT 27 Days    |
|-----|-----|---------|-----------------|----------------|
| #   | DHO | 3229937 | Date 08-05-2019 | LGT 40 Days    |
| #   | UDC | 3217625 | Date 01-28-2019 | E-Mail 60 Days |
| #   | DHO | 3146610 | Date 04-17-2019 | LGT 27 Days    |
| #   | DHO | 3145493 | Date 04-17-2019 | LGT 27 Days    |
| #   | DHO | 3139568 | Date 07-16-2018 | LP 90 Days     |
| #   | DHO | 3141466 | Date 07-16-2018 | LP 90 Days     |
| #   | UDC | 3141468 | Date 07-05-2018 | LP 30 Days     |
| #   | UDC | 2982628 | Date 05-09-2017 | LP 30 Days     |

\#    First Appeal
      Did you Appeal the Decision ?
      X-Yes
      (a) If "Yes" Provide
              (1) Name of Agency: F.B.O.P Local Instution  UDC & Region DHO
              (2) Date of Filing: Same Dates of DHO & UDC
              (3) Docket Numbers: Unknown
              (4) Result: Denited access to Forms; Inidgent Postage, Staff
                  circuventing Remedy Process while Petition in "SHU"
              (5) Issues Raised: 28 CFR 541.6 defence: & 28 CFR 541.1-8 denials
                  due process: No 24 Hrs Notice; denied Witness, Denied Vedio
                  exculpatory evidence, denied staff representive
              (6) See Ross v Blake 547 US 632 (2916) at 632, 643-44:  See
                  Lennear v Wilson 937 F.3d 257, 279 (CA4 2019)

\#    Second Appeal
      Did You Appeal the Decisions ?
      X-Yes
      (a) If "Yes" Provide:
              (1) Name of Agency: F.B.O.P Region for UDC; & Central office DHO's
              (2) Date of filing: Within 20-30 Days No Response BP9 & BP-10
              (3) Docket Numbers Unknown
              (4) Result:  Staff not mailing Indigent postage BP-10, BP-11,
                           Staff denied timely access to BP-9, BP-10, BP-11.
                           Staff fraudulent mirepresentions, threats, intimid-
                           ations, Assult/Batter PREA violation "SHU" "SMU"
              (5) Date of

        (5) Date of Results: Unknown: due to multiple transfers & redesig
           nations, denial access to legal propery and Remedy Program
           in retalation for filing greivance 18 USC 242,242,249.

        (6) Issues Raised Same as Attempted First Administrative Remedy.

(b): If No  remedy filed explain why:  See Ross v Blake 587 US 632 (2016)
    Neal v Hogan 2022 US App Lexis 29399 (CA4); 18 USC 4241(d); 28 CFR 541
    .6;  Troy v Davis 2022 US App Lexis 34657 (CA4) improper rejection of
    grievances: Tyler v Stein 2023 US App Lexis 2335 (CA4) Lennear v
    wilson 937 F3d 257, 269-70 (4th Cir 2019): Goyer v Adams 2022 US
    App Lexis 354 60 (CA4): Griffin v Bryant 56 F4th 328 (CA-4 2022).


\#      Third Appeal
    Did You Appeal the Decisions  ?
    X-Yes:
    (a) If "Yes" Provide:
        (1) Name of Agency: F.B.O.P Central office:
        (2) Date of Filing: Within 20-30 Days of errooneous rejections &
           or No Response BP-10
        (3) Remedy IS #'s  Unknown; Due to denial access to remedy forms;
           Staff not entering BP-9's and BP-10's into SENTRY; Staff not
           Mailing Indigent Administrative Remedy Legal Mail. Staff
           no timely provideing BP-9's, 10's, 11's, Staff Denying Indigent
           Postage, Threats, Intimadations, Assualts/Battery offical
           reprisals, retalations transfers and redesignations atypical
           hardships, prolonged isolated segregations atypical
        (4) Result: Erroneious Rejections: & BP-11, BP-10, BP-9 not
           having been received do to staff not mailing indigent
           adminiarative remedies: Issues of Staff Criminal Misconduct;
        (5) Issues Raised: 28 CFR 541.6:  erroneous rejections BP 10, PB
           9's, Denial of 28 CFR Due Process; Denial access 28 CFR 542
           et sea 18 USC 3582(c)(1)(A): 18 USC 3624 et seq; 18 USC  3621;
           and 34 USC 60541.
        (6) Petitioner had not meaningful & unabstruted access to 28 CFR
           542 Et Seq: F.B.O.P unwiling to GRANT any releif: P/S 1330.18
           simple dead end, futile
    (b) If "NO" expline why administrative remedy process was made unavalable
      By F.B.O.P. FMC Butner NC; FMC Lex KY:, FCI Butner NC; FCI Cumberland
      MD; USP Hazelton WV; AUSP Thomson IL; USP McCreary KY; FCI Beclely WV

Dates of Decisions or Action being Challenged

\# 04/14/2022 Unauthorized IRS Stimulous Tresury Lock Box Deposit $1,400.00

\# 07/01/2022 Unauthorized IRS Stimulous Tresury Lock Box Deposit $1,350.00

\# First Appeal

Did You Appeal the Decision ?

X-Yes

(a) If "Yes" Provide

>   (1) Name of Instution:  AUSP Thomson IL, & FCI Beckley WV
>   (2) Date of Filing: Same as incumberances "No Power of Attorney"
>   (3) Result: Erroneous Rejection, Denial timely acces to 28 CFR
>       542. et seq forms, Staff obstucting P/S 1330.18.
>   (4) Date of Result: Various.
>   (5) Remedy ID #'s: Various
>   (6) Issues Raised: Unlawful negotiations IRS Stimulous Tresury
>       Lock Box Check's deposited with out "Power of Attorney"
>       Program Statements Violations: Trust Funds 4500.12. Sec 9.1(c)
>       "NO POWER OF ATTORNEY" BP-A0407 No Deposited of any kind into
>       inmate 84944-03 trust funds account. Unlawful P.L.R.A Fee's
>       Caused by AUSP Thomson IL denial Accesst to Court Supervisor
>       Ms. McDowell, Case Manager, Unit Manager, and Counselor 28
>       USC 1915(a)(c) frauds on court.  Inmate Classification &
>       Review P/S 5322.13 I.F.R.P executed $25.00 Counselor Hannon
>       , Counselor Kerrney AUSP Thomson IL, Counselor Snodely USP
>       Hazelton VA , Case Manager's USP McCreary, Counselor Brown
>       F.C.I Beckley WV.  Inmate Fiancial Responsibilty P/S 5380.08
>       Inmate 84944-084 "EXMPT TMP" Medical Care LEVEL 3 & 4. F.B.O.P
>       Failure to pay J&C 5:14-CR-240-B (ED NC) ECF 906 $483.10  &
>       unlawfully & Unconstutionally encubering IRS Stimulous CARES
>       ACT US Tresury check sum $2,750.10 unlawful dispursements to
>       PLRA Fee's.  Falsifed IFRP "Refusal's USP Hazelton WV, USP
>       McCrery KY, F.C.I. Beckley WV, FMC Rochester MN Denial of
>       FSA/FTC 18 USC 3632(d)(4)(A)(ii).

(b). Explaine why you did not appeal: See  Ross v Blake 578 US 632 (2016)
     at 632, 634-44) Neal v Hogan 2022 US App Lexis 29399 *2 (CA4); Troy
     v. Davis 2022 US App Lexis 34657 (CA4): Bygum v City of Montgomery
     2023 US App Lexis 4500 (CA4); Booker v S.C. Dep't of Corr 855 F.3d
     533, 546 (4th cir 2017): Show v. Foreman 59 F4th 121 (CA4 2022)

\#     Second Appeal

Did You Appeal the Decision ?

X-Yes Provide

(a) If "Yes" Provide

(1) Name of Institution: F.B.O.P.  Regional offices

(2) Dates of Filings: Within 20 Days of BP-9 Response, or non response

(3) Remedy ID #'s: Unknown due to confiscations of Legal Property, BP-9
     BP-10' Indigent legal mail obstructed by F.B.O.P: Denial Access to
     indigent postage, errornous rejections.

(4) Result: Erroroenous Rejections, Denial access to BP-9, 10 forms,
     Denial access to indigent postage, Denial access to Court by FBOP.
     Staff thwarting 28 CFR 542 et seq.

(5) Dates of Results: Various

(6) Issues Raised:  Same as Firt Appeal, and F.B.O.P executive Staff
     F.C.I Cum MD; USP HAZ WV: AUSP TOM IL; USP-MCR KY: F.C.I BEC-WV,
     criminal misconduct 18 USC 1001, 18 USC 241,242,249 Policy 3420.11;
     1350.01 & 1210.24 violations

(b) If not appealed explain Why: Threat's, Inttmidations, harrasment,
     PREA Staff Assualts/Battery: erroneous rejections, denial access to
     Remedy Forms Indigent Postage, machinations, misreprention, Remedy
     Process simple dead end, FBOP never GRANTING any Releif. 28 CFR 542
     et seq Futile

\#     Third Appeal

Did you appeal the decision ?

X-Yes

(a) If "YES" Provide

(1) Name of Agency: F.B.O.P Central office Washington DC

(2) Dates of Filings: With in 30 Days of BP-10 response or non-response.

(3) Remedy ID #'s: Unknown: Due of unlawful confications of Legal Prop
     erty; Denials of Indigent Postage, pen, paper, copies, typewritter.
     Respondents obstruction of US Mail & 28 CFR 543.11; 542 et seq.

(4) Results: Erroroneous rejections, remedy forms not received, unwilling
     to grant any releif; 28 CFR 542 et seq thwarted by FBOP Staff.

(5) Dates of Results: Various

(6) Issues Raised: Same as First & Second Appeal's.

(b) If not appealed explaine why: 28 CFR 542 Futile & Same as 1st & 2nd
     Appeals.

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

      (4) Result: _____

      (5) Date of result: _____

      (6) Issues raised: _____

_____

_____

_____

_____

_____

_____

12.     **Other appeals**

Other than the appeals you listed above, have you filed any other petition, application, or motion about the issues raised in this petition?

☑ Yes          ☐ No

If "Yes," provide:

(a) Kind of petition, motion, or application:   28 USC 2255

(b) Name of the authority, agency, or court:   US DC ED NC WD 310 New Bern Ave Raleigh N.C. 27601

(c) Date of filing:   03/04/22

(d) Docket number, case number, or opinion number:   5:22-CV-233-D

(e) Result:   ECF 1103 illegally & unconstitutionally Struck ECF 1091

(f) Date of result: _____

(g) Issues raised:   See ECF 1091.

_____

_____

_____

_____

_____

_____

### Grounds for Your Challenge in This Petition

13.     State every ground (reason) that supports your claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

GROUND ONE:   Lack of Jurisdiction: US V Davis 5:14-CR-240-D (ED NC) Lack of Jurisdiction 18 USC 2261(A)(2)(B) & 875(c) Lack of Subject Matter Jurisdiction and Lack of Personal Jurisdiction.

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(a) Supporting facts (Be brief. Do not cite cases or law.): US-FBI 10/22/2014 unlawful & unconst itutional search & seizues: 333 E. Pembroke Ave # 8 Hampton VA 23669 residence of Petitioner name and address otained in violation 1,4,9, 13th Amendment. FBI Never recovered any ISDN router: Cable Modem Router, Cell phone: I.P. Layer 2 Device need ed to connect to a Verizon Router in VA, from Petitioner Residence. Thoshiba Laptop not the interactive computer device I.P. Layer "TWO" interstate commerct Device that transmitted Gov't E-Mail Exhibits 2nd Superceeding Indictment counts 3,4,5,6.

(b) Did you present Ground One in all appeals that were available to you?

☐ Yes   ☒ No   Ineffective Assistance of Counsel's trial & Appellate conflicts of interest: Fraudulent concealment conniving at the defeat of petitioner presumption of innocence, crouptly selling out Davis to prosecution & conviction.

GROUND TWO: Actual & Factual Innocence: F.R.Evid 106 1st Amendment protect ions from 18 USC 2261A(2)(B) & 875(c) suppression of exculpatory F.R.Evid 106 E-Mail s June through October 2014. Including Toshib Laptop M.A.C I.P Layer TWO address does not match any E-Mail Header information of Governments 18 USC 2261A(2)(B) or 875(c) E-Mails.

(a) Supporting facts (Be brief. Do not cite cases or law.): Petitioner Police Report June-October of 2014 Hapmton PD. Unlawful E-mail Accounts Microsoft, Google, Yahoo!, AOL and ISP Verizon. Illegally Hacked into, and Thoshiba laptop known by US-FBI S/A Gayla Warr- ner, US-FBI Raleith, and Norfolk VA. Including that governments 18 USC 2261A(2)(B) & 875(c) E-mail Exhibits were drafted and sent by petitioner fiancee Elizabeth A Sorokos from her tablet computer, Cell Phone, or other residents of 333 East Pembr- ke Ave Hampton VA  I.P. Layer TWO device at 333 E. Pembroke AVE # 8  Hampton VA 23669 that connected to Petitioners ISP Verizon Router some where in VA.

(b) Did you present Ground Two in all appeals that were available to you?

☐ Yes   ☒ No   See US v Throckmorton Appellate Cousel Nagel, conspring with Trial Counsel Manning, and Trial Judge, to deny Petitioner access to the court and § 2255 obstucted.

GROUND THREE: 28 CFR 541.1-8, denials of due process all P/S 5270.09: 28 CFR 541.20-33 P/S 5270.11, and P/S 5317.02, as it pertains to All Special Housing Unit, Administrative, diciplinary, & "SMU" detentions. FCI Cum-MD; USP-HAZ-WV; AUSP-TOM-IL; USP-MCR-KY, FCI-BEC WV, atypical detentions, transfers, redignations, Dici Plinary Action; 28 USC 542 et seq thwared, circumvented, made unavailible.

(a) Supporting facts (Be brief. Do not cite cases or law.): Respondent deprive Petitioner of exceller ated release. Fraudulently fabricated 28 CFR 541.3 & "SHU" Administarive Detentions Including "SMU". In retaliations petitioner atemped 28 CFR 542 et seq, that the the respondents Thwared, circumvented, made unavailable, Machinations, Misrepresent ations, erroneous rejection, not processing BP-8's, 9's, 10's, 11's, denial indigen t. Pen, Paper, Postage, not mailing indigent remedy form US Mail, Not providing of remedy forms, Providing remedy forms out of time-not providing 28 CFR 542.11 extent ions filing time. Denial 24 hours advanced notice, denial staff representive, denia witness & Exculparoty evidence Vedio survalence. Falsifing BP-A0288 and BP-A0308 of UDC, DHO 28 CFR 541.1-8 due process compliance fabricated evidence "SENTRY" result Atypical hardships, retalatory transfers & redisignation: FCI-CUM MD;USP-HAZ WV:AUS P-TOM-IL;USP-MCR-KY, FCI-BEC-WV, FMC-LEX KY. Staff assualt/battery and PREA assults

(b) Did you present Ground Three in all appeals that were available to you?

☒ Yes        ☐ No

GROUND FIVE:        PSI/PSR Actual and Factual Innocence:
(a) Supporing fact:  ¶¶ 28 N.C.  Marijuana Pot Plant 6 inch noloner a
crime: ¶¶ 32 Hampton Va General District Court domestic assualt finding
of Guilt, Appealed to Circuit Court: Null Prosequqèlle 2018 by Common-
wealth attorney dismissal: ¶¶ 41 Arizona traffic/faiure to remain  at
scene of accident case dismissed: ¶¶ 42 Pennsylvania Assualt/Batteyris
not petitioner.

GROUND SIX:         ECF 906 US v. Davis 5:14-CR-240-D (ED NC): Actual &
                    factual Innocence. 18 USC 2261A(B)(5)
(a) Supporting Facts: Petitioner never charge with 18 USC 2261A(B)(5)
nor was petitioner ever convited by Jury of 18 USC 2261A(B)(5). US v
Davis 5:14-CR-240-D (ED NC) ECF 906 Judgement and commitment order
Mistake 18 USC 2261A(B)(5) conviction. Improperly  being used by
respondent to deprive Petitioner of excellerated Relese: CARES-ACT-
COVID-19 crime of violence.

GROUND SEVEN:    State NC v. Davis 07CRS7243-01 Actual and Factual
Innocence: USA Suppression  Exculpatory Evidence:
(a) Supporting Facts:   ADA Melanie A Shekita N.C. Rule Proff Con't 3.8
violations: Ms Davis had confessed to ADA Shekita that she altered her
step-daughter JFD US Dep't State Belgium Embassy Counselors report of
JFD born in Belgium, That She used to register JFD into the Wake County
N.C. public school system with out Appostile of Certification. Where
WCPSS was at fault NCGS 115c-346  prohibiting registering kindergarden
students with out a "CERTIFIED  CERTIFICATE OF BIRTH". WCHS-CPS written
Dictaions of Wanda Turner recording WCPSS Ellane Hoffelt stating that
Ms Davis and nop Petitioner registred JFD into Kingwood Elementary
School. Known by AUSA E. Ontjes, A. Hullbig, B.Kosher & USPO John Wasco

GROUND EIGHT:    State NC v Davis 07CRS86181 Actual and Factual Innocence
(a) Supporting facts: USA, ADA Shekita, Detective Michelle W Savage,
suppression of exculpatory Evidence: Cary P,D NC, internal Affairs inves-
tigaion. Photograph of Detective Leggett, no evidence of Davis assualt
on law enforcement officer, and Leggett fraudulently fabrincating AOLE
on account of Petitioner Excessive Force complaint to be taken to
Emergency room 09/27/06. Detetive Irvin Leggett knowinly serving a
false & void State v Davis 06-CRS-72340-01 false affidavit of probable
cause. Petitioner TWO Counts of felony strangulation Ms. Davis.

GROUND NINE:        Illegally obtained F.R.Evid: 404(b) & 902(11) & 404(b)
Inviolation: 1, 4,5,5, 8, 9, 13,14th Amendments: 404(b) violations of
5 USC 552a, NCGS 7B-2901, NCGS 7B-3100  Codifying  20 USC 1231g FERPA,
& 902(11) no certfication authentcity, No 18 USC 2703(d) Order, No sub-
peona supported by probable cause or Search Warrant, or Petitioners perm
ission.

(a) Supporting Fact: ADA Shekita & Detective Savage unlawfully and uncon
stitunally using WCHS-CPS as their illegal under cover secreat agents. Fraud
ulently fabricating NCGS 7B §§§§§§ 302(a); 101(15); 200, 506(a), 601, 1101-
111 and NCGS 50A-209 JFD witnessing of Savages falseifed criminal domestic
volence 06CRS73240-01 / 07CRS51657 police reports and ADS Shekital Malicious
Prosecution. F.R.Evid 404(b) illegal search and seizure of Petitioners

papers, and documents at his daughter JFD School in violation Federal
child and family privacy laws, Standing court orders NCGS 7B- 3100 codifing
20 CFR 1321g, NCDHHS DSS 1428 Family privacy and confidentaly federal man-
uals on 09/27/2006 and 08/27/2008 Shekita and Savage had WCHS-CPS unlawfully
and unconstituionally obtain State NC Evidence; 06CRS70240-01 & 07CRS51657

Poisionous tree's 07CRS71692 & 07CRS86181 Fruits. F.R.Evid. 902(11) not
certifed by Microsoft, Google, Yahoo!, AOL, Verizon custodian of Records.
F.R.Evid 902(11) unlawful search and seizures Raleith Police NC Detective
Robert J Pike June, July August 2014. Pike ADA Shekita boyfriend/Sex Partner
investiating WC- Acting DA Judge Ned Magnum of Wake County NY family Court.
Magnum alegedlity reporting E-Mails NCGS 14A.196.3 Cyberstalking and NCGS
14A. 277.1 communications of Threats Petitioner.  RPD Pike without any
jursidiction obtained Wake County NC Supeior court orders for Petitioners

subscriper accounts and information ISP Verizon, E-Mail Microsoft,Google,
Yahoo! in violation Petitioners 4th Amendment Rights and prior to enganing
US FBI S/A Gayla Warrner. Fact No E-mails sent or received by Shekita,

Batch, or Savage within the jurisdiction of Raleigh NC Police Department
NCGS 14A 277.1 or 196.3. Pike obtained court orders via knowingly false
affidavits probable cause Wake County Superior court 08/26-27/2014.  Known
by AUSA B. Kosher, E. Ontjes, A. Hulbig & US-FBI Cary NC. US-FBI Raleith NC,

US FBI-Norfolk VA. Illegally and unconstitutionally obtined subscriber account
information, name and address of Petitioner, and I.P. Addresses. US-FBI
Gregory Johnson false testimoney F.R.Evid 902(11) obtained by Subpeona
US v Davis 5:14-CR-240-D (ED NC) failures to obtain 18 USC 2703(d) mandatory
court order for Petitioners ISP Verizon, E-Mail Google, Yahoo!, Microsoft,
and AOL subscriber accounts information.

Detective R.J.Pike colluding with his Girlfriend Shekta and her Girl Friend
Savage, and Batch fraudulent concealments NC R. Evid 106 & F.R.Evid 106

June, July, August, September, October 2014 US DC ED VA 4:13-CV-7-RBS
ECF 56(A-B) fraud on court "CFE" N Berson & WCHS-CPS, 4:13-CV-58-RBS
ECF 32(A-B) void NC and VA family court Judgements. Procured by  fraud
upon the courts & NC COA 10-422. US v Davis 5:14-CR-240-B (ED NC) gov't
exhibits 19, 20, 21 violations F.R.Civ.P 60(b)(4)(4)(6); 60(d)(3). As
proximate causes of illegally and unconstituionally never using of
ECF 97 Exhibit A, for ECF 106 Exhibits, as federally mandated ECF 111,
Extrinsic fraud upon the courts ECF 111-114 US v Davis 5:14-CR-240-D
false-light testiminoy Batch, Savage, Shekita, Michalak, Hubbel, and
Johnson Purjury 18 USC 1621, USA 18 USC 1622,  Gov't witness 18 USC 1623.
See: Davis v Singer 2015 US Dist Lexis 18003 at *3 (ED VA 05-18-2015)
Batch, Savage, Shekita Rule 11 F.R.Civ.P  filings on 10/01/2014 empasiss
added 10/01/2014. Motions for Sanctions against Davis, with Gov't
18 USC 2261A(2)(BO & 875(c) e-mail exhibit attachment to thier Rule
11 Motion for sanctions. Batch, Savage, Shekit Rule 11 Motions never
asserting the ellements of the offence 18 USC 2261A(2)(B) & 875(c). F.R.
Evid 201, of purjury in US V Davis 5:14-CR-120-D(ED NC) Gov't witness
purjury ECF 930. 931, 925, and 932. Adversley affect expedited release.

GROUND TEN:      ECF 906 US v Davis 5;14-CR-240-D (ED NC) Fines, Fee's,
restituion: Respondents non-complaiance F.B.O.P policy 4500.12 "No Power
of Attorney BP-A0407" Section 9.1(c). Policy 5380.08  "EXEMP TMP" "Médical"
Resondents non-compliance adversely affecting Petitioner Excellerated
Release 18 USC 3632(d)(4)(A)(ii), and reincarceration.

(a):  Supporting fact: US v Davis 5:14-CR-240-D (ED NC) ECF 906 fine,
fees', cost, restition $483.10. Found to be indigent PSI/PSR at sentencing
03/22/2018. Respondents  non-compliance Policy 4500.12 & 5280.08 in having
unlawfully and unconstitutionally negotiated "TWO" CARES-ACT- Stimulus
US TRESURY CHECKS; 04/14/22 SUM $1,350.10 &  07/01/22 SUM &1,400.00, with-
out any power of attorney.Petitioners Trust Fund Accout then unlawfully
and unconstutionally encubered SUMS $1,,400, & $1,350.10 that was then
unlawfully & unconstutionally release to US DC NC IL, PLRA 28 USC 1915
fee's that were caused by Respondent Denial Access to th US DC IL &
Respondents 28 USC 1915(a)(c) frauds upon the court. Petioners attempts
at 28 CFR 542 et seq thwared, undermined by Respondents. Who then
retaliated in fraudulently fabricating P/S 5308.08 § 9(d)"REFUSAL IFRP"
while petitioner was to have been P/S 5308.08 § 9(e)"EXEMP TMP" "MEDICAL"

P/S 4500.12 / 28 CFR 506.1: Trust / Fund program statement section 11.6
Payments of Judgment and commitment order ECF 906 US v Davis 5:14-CR-240-D
(ED NC) non-compliance by respondents. Falsifications IFRP Refusal P/S
5220.01; 5401.01 CN-2, 5050.50; 5410.01 CN-2 in depriving Petition of
accellerated Release. Including Subjection Petitioer to 18 USC §§§§§ 3551,
3563, 3613, 3664, 3571,  43 USC 363b probation violations re-incarceration
resttaints upon Petitiers Libierty Interest. 28 CFR 571 et seq; 28 CFR 545.
10-11, 28 CFR 570.20-22,  Respondents fraudulently fabricated IFRP Refusal
deprived Petitioner of FSA/FTC 18 USC 3632(d)(4)(A)(ii) excellerated
release "Disallowed" FSA/FTC. Including depriving Petitioner of home
confinement $,1,7350.10 Security Deposit / Apartment & Rent, upon being
relased to RRC currently pending 365 days RRC, plus 365 days off of sentence,
as well as an additional 356 Day FSA/FTC already accumulated. Where Petiti-
oners Loss of Good Conduct Time Credits, and IFRP Refusal Disallowed FSA/FTC
150-250 Days owed to Petitioner by the Respondent.

Rendering 28 CFR 542 et seq: Administrive remedy Futile, as Petitioner should
have already been Released to RRC/HC irreputable harm F.R.Civ.P 65 warrented
enjoin respondents from no properly interpreting US Congress Statutes,
FBOP Code Federal Regloation, FBOP Policy depriving Petitioner of Exceller-
ated release.

GROUND ELEVEN:    28 CFR 542 et seq: FBOP P/S 1330.08 made inaccesable
administative remedy  program statement BP-8's, 9's, 10, & 11's Thwarted
by respondents macination, fradulent misrepresention, threats/intimidations.

(a) Supporing Fact: Respondents unwilling to grant any releif:  28 CFR.542.
10 et seq. throug 542.19 and 28 CFR Part 115 PREA Staff Misconduct. Respon-
dents failures to interpreate stutory requriments. Failure to propery
implement 28 CFR 541.11. Inparticulare depriving Petitioner of due process,
substantive and proceedural due process, (a) Not processing of BP- 8's, 9's,
10's, & 11's, (b) not providing acknowlege recipt of Petitioner Request &
Appeal, never delived to Plaintiff, upon had delevering BP-8's & 9's to
Wareden Hechard, AW Rich, AW Hall, Unit Manager E. Stennett, Counslor J.
Brown, FCI Beckley Remedy coodinator. In retalations for content of remedy
asserting P/S 3420.11 Standards of Employee's AW Rich & Hall, Unit Manager
E. Stennett, Supervisor of Eductiona, and Chaplin 18 USC 1001, & 18 USC
241, 124,245,249 criminal civil rights violation P/S 1350.01 & 1210.24 crim
inal matters refferal to USAG, FBOP Internal Affairs.

That were all well documented in petitioners electronic request to Staff
Warden Heckard, AW's Rich & Hall, SIS, Unit Manager Stennett, Supervisor
of Education and Chaplin P/S 5511.07 computer based from 02/10/022 through
08/2/2022 Evidence of resondents thwaring 28 CFR 542. et seq. Same
Evidence Electronic Request to Staff FCI CUM-MD, USP-HAZ_WV: AUSP-TOM-IL,
USP-MCR, FCI-BEC-MD, FCC-BUT-NC, FMC-BUH_NC, FMC-Lex-KY,  and FMC-ROC-MN
erroneous Administative Remedy rejections, denial access to forms, denial
access to extention of time filing of BP-8's,9's,10's,11's as mandated
by 28 CFR 542.14(b), Fraudulent concealment of not entering Respondents
BP-9's, 10's, 11's into SENTRY covering up their misconduct and retaliations
against petitioner not limited to indivious class based racial-gender animus.
Respondents thwaring 28 CFR 541.14(a)(b)(c); 541.14(c)(1)(2)(3)(4); 541.14(d)
(1)(2)(4); Depriving Petitioner of meanful access to 28 CFR 542.15(a)&(b)(1)
&(2)&(3); Respondent arbitrary and capricious depived petition of 28 CFR
542.16(a)&(b) & § 541.6. Respondents thwared 28 CFR 542.17 by threats,
intimidations, assualt/battery/PREA miscoduct, denial access to form,
denials  of notifications-response-rejections, indigent postage, pen &
paper denied. Respondents obstruting § 542.17(a)&(b)&(1)&(2)&(3) [ erroneous
rejections] and § 542.17(c) and § 542.14(d) thwarted by respndents mancina-
tions. Fact of Matter FCI BECKELY Administrative Remedy coordinator conspi
red with her best friends AW Rich & Hall, Unit Manager Stennett, Counselor
J. Brown, Chaplin, supervisor education, Counselr Mailan, and Warden Hechard
covering up non-compliances 18 USC 3632(d)(4)(A)(ii); 18 USC 3582(c)(1)(A),
18 USC §§§§ 3621 et seq; 3624 et seq; 3632 et seq, 3582(c) et seq by viola-
ting P/S 1313.18 ¶¶ 13 non-complaiance § (b) (OIA),  Warden Heckard
AW Rich & Hall cover-up PREA 28 CFR 115.52 et seq filing of Petitioner.
Fact of Matter: Upon Petitioners transfer & redesgantion Respondents
retaliations. Petitioner had FMC-Rochester MN Counselor Christanson
personally mail BP-9's pertainting to this 28 USC °2241 issues and
facts inwhich the respndents never entered into SENTRY in violations
P/S 1330.18, as they did while petitioner was at FCI Beckely WV. Petitioner
Administrative Remedy general retrival inaccuarate as to fraudulent
concealments remedy forms not having been entred into SENTRY as required,
and erroneous rejections that placed respondents on noctice of claims
F.R.civ.P 8(a) rules govering § 2254 & § 2255. F.R.civ.P 81. Under 28 USC
2241 challenge Length, duration, carring out, executions, location Sentenct.
Petitiners 28 USC 2241 not complainting of condictions of confinment.

GROUND TWELVE:    18 USC 2261A(2)(B) & 875(c) unlawfully and unconstutionally applied US V Davis 5:14-CR-240-D(ED NC).

(a) Supporing Fact: F.R.Evid 106 violationsL 2d SS Indictment counts 3,4,5, & 6 unlawfully limiting 1st amendment in violation F.R.Evid 106.  Redering F.B.O.P P/S 5162.05 Catagorizions of offence Unconstutionally veague as unlawfully and unconstitionally appled to Petitioner deprevations of excelleratied release.

GROUND 13:        Petitiner seeks excellerated release under: 28 CFR 541.1-8 denial of due process: P/S 5279.09, 5270.11. 5217.02.

(a) Supporting facts: BP-A022'8 and 304 indicent reports were all fraudulenly fabricated, loss of good conduct time credits, atypical retaliatory trans fers, redsidgnations, denial access to legal propery "SHU" & 'SMU' and by F.C.I Beckley WV denied petitioner access to his legal propert & § 2255, & 2241. Petitioner deprive of witness, viedo, staff representive, 24 hour notice,  Ex-Parte Hull 312 US 546 (1941). Lennear v Wilson 937 F3d 257 (CA4 2019)

GROUND 14;        F.R.Civ.P 17(c)(2)  Allen v Calderon 408 f.3d 1154(9th2005)

(a) Supportng Facts: See Berrious v N.Y.C Hous Auth 564 F.3d 130, 134, (2nd cir 2009); Perri v City N,Y. 350 F.App's 498 (CA2-2009) Lewis v Newberg housing Auth 692 f.app's 674 (2nd cir 2017); Krain v Smallwood 880 F2d 1119, 1121 (9th Cir 1989): Powell v Symons 680 F.3d 301, 307 (3rd Cir 2012)

GROUND 15:        Respondents denied Petitioner access to the courts.

(a) Supporting Facts: See Johnson v Avery 393 US 438 (1969): Bounds v Smith 430 US 817 (1973): Thaddeus-x v Blatter 175 F.3d 379, 391 (6th Cir 1999); Burns v Ohio 360 US 252 (1956): Griffin v Illinois 351 US 12 (1956) ; Dowd v US  ex rel Cook 340 US 206 (1951) faiures to mail document to the courts Dowd 340 US at 208. Lewis v casey 518 US 343 (1996): Crhistoper v Harbury 536 (2002)

GROUND 16:        US DOJ v Julian 486 US 1 (1988): US v Pugh 69 F.App'x 69 F.App'x 628,629 (4th Cir 2003)

(a) Supporting Fact: Respondents denial PSR/PSI no threat under P/S 5270.09 CN-1. Petitioners criminal case doesn't fall under P/S  5270.-09 CN-1 and

and P/S release of information 1351.00 CN-2    Proximate cause of the
resondents making § 2255 inadquate/ineffective & Inacessable, Denied
petitioner of copy of his PSI/PSR for his § 2255 acceerated release,
not limited to ¶¶ 32 null prosequelle, lowering criminal history point by
1 point & lowering petitioner lenght & duration of Sentence.

GROUND 17:    34 USC 6041(g) non-compliances adverselty affecting
the execution, carring out, lenght & duration of Petitioners sentence.

(a) supporing fact: Petitioner entiled to excellerated release 34 USC
60541(g) Elderly offenders Piol Program 18 USC 6541(g)(1)(A) request of
Petitioner 34 USC 60541(g)(1)9B) FSA of 2018 P.L 115-391 § 603 (2018) 34
USC 60541(g)(5) cost benift. F.B.O.P improperly determinations of Statue
& 18 USC 16(b) unconstutionally vauge P/S 5100.08.

GROUND 18:    US v Davis 5:14-CR-240-D (ED NC) 28 USC 453 violations
of 28 USC 352 deprived petitioner of unobsruted access to § 2255.

(a) Supporting Fact: ECF 117, 607, and 06/06/22 text reasinment order
void & fraud upon the court. State NC Hiring Trial Judge 28 USC 455 special
faviors.  State NC hired criminal defense trial consel. To deprive
Petitioner of full and fair per-trail, Trial, Sentencing, Direct Appeal
, Post conviction proceeding. That deprive Petitioner of Due Process
fundamental fair ness. Liljeberg v Health Services Accquistion Corp
486 US 847 (1988); US v Glover 8 f.4th 239 (CA4 -2021)

GROUND 19    Prosecutorial Misconduct

(a) Supporting Fact: Violations 28 USC § 530B; 28 CFR § 77.1(b); 28 CFR §
77.3; 28 CFR § 77.3: 28 CFR $ 50.39a: USAG No: 1931-94; 28 CFR § 77.2(a);
28 CFR § 77.1(a)(b)(c): ABA R.Proff,Cond't 3.8. US v Davis 5:14-CR-240-D
(ED NC) and Davis v Heckard 28 USC 2241 action 5:22-cv-00254.

GROUND 20:    Respondents P/S 7320.01 CN-2 non-compliances deprevantion
of Excellerated release.

(a) Supporting fact: Respondents never considered the Five Factors of the
federal codes of regulation and US Congress Statues.

Savage falsifed criminal domestic violence police reports 07CRS51657 &
06CRS72340-1, ADA Shekita malicious prosecution Abuse of NCGS 7B et seq,.
NCGS 50A process  208 & 209(d) violations ECF 1111-1114 fraud on court.


GROUND: 23.        Petitioners location in violations of FSA 500 Miles
from Release location ED NC WD. 28 CFR 523,44(c)(2)(i)&(ii)&(iii)

(a) Supporting Fact: 18 USC 3612 over 500 Miles from RRC/HC release
address:

GROUND 24:        Prosecutorial Misconduct 5:14-CR-240-D(EDNC)
ADA Shekita ECF 931 "Do not know Ms Davis Whereabouts" " Did not see
Ms Davis after 06CRS72340 pre-trial motion to dismiss for lack of jurisdic-
ion. "Never Saw Ms Davis again" Purjury of Shekita and Savage See
F.R.Evid 201 State NC v Myriam B Davis 08-CR-001746. Arrested 01/21/09
Wake County Family Court by Savage and Shektia. In violations NCGS 7B-
2901 privacy and confidenitaly NCGS 7B proceeding. Ms Davis had been
illegally removed as a party 12/10/2008 without notice and opportunity
to be heard WCHS-CPS ceasing reunfication J.P. Williams Husban of
Batch illegally reprsenting Jaworski, while Batch employed by WCHS-CPS
WC attorny office running for WC family court judge 11/01.2008.
Fraudulent concealments Ms Davis commonlaw forgery and obtaing propety
by false pretext. Petitioner acutal and factual innocence 07CRS71692.
See ECF 666-675 US v Davis 5:14-CR-240-D(ED NC). Depriving Petitioner
of excellerated release 500 Mile away from home.

GROUND 24:        F.B.O.P policy 5800.17 section 11(c) non-compliance
deprived petitioner of excellerated relase.

(a) Supporting facts: Petitioner challenged the accuracy of information
in his central file and PSR/PSI. ¶¶ 32, 41, 42, & J&C ECF 906 conviction
18 USC 2261A(B)(5).  Responded failure to correct inaccurate information.
PSI/PSR ¶¶ 32,41, case dismissed in favor of petitioner.

GROUND 25:        28 CFR 542.11(h)&(i)&(j) indigent denials access to
court by respondents
(a) Supportng Fact: US v Gabaldon 552 f.3d 1121 (10th Cir 2008). In re
Fluor Intercontental Inc 803 F.App'x 697 (CA4 2020); In re Brown 932 F.3d
162 (CA4- 2019) In re Carringer 476 F.app'x 754 (CA4-2012)

GROUND 21:          F.R.Evid 106 US V. Davis 5:14-CR-240-D (ED NC)
Actual and factual innocence, inlcuding unlawful & unconstituional
seerches and seizure F.R.Evid 902(11).

(a) supporting fact: ECF 33 pg 82, ECF 198 pg 174-175: RBP 4th Amendment
violations, and ADA Shektia E-Mail inbox exculpatory Evidence. Petitioners
criminal defence counsel McCoy v Louisiana 138 S.Ct 1500 (2018). Trial
Judge conspring with criminal defence counsel Rankin v Howard 637 F.2d 844
(9th cir 1980), US v Williams 2022 US App Lexis 2062 (CA4 2022) violations
deprived petitioner  of unobstructed § 2255 releif. US v Nicholson 475 f.3d
241 (CA4 2007); Crandell v US 703 F.2d 74 (CA4 1983): Pollard v Fennell
400 F.2d 421 (CA4 1968)


GROUND 22          Prosecutorial Misconduct AUSA Ethan Ontjes, Adam
Hullbig, Barbara Kosher, conspring with ADA Shekita, Atty Sydney Batch
, Detective Savage, Trial Judge and criminal defense counsols. Fraud
ulent concealments NC COA 10-422 lack of jurisdiction, lack of subject
matter Jurisdiction, Lack of Personal Jurisdiction. Fraudulent concealment
Va code Ann 20-146.13. Purjury ADA Shekita I had no knowledge of ECF
306 pg 209 States exhibit 18-s 07CRS71692; ECF 236 US v Davis 5:14-CR-140-D
(ED NC) ECF 931 pg 105, ECF 931 at 22-23 Pa 106 at 8-9.  Purjuey Sthekita.
CPD Detetive Savage purjury "I had noting to do with JFD civil Child
neglect 07JA705 removal order" ECF 931 pg 124 at 1 - 13; ECF 106-1
NCDHHS 1409 NCGS 7B et seq Mandatory USE of ECF 97 Exhibit A: CMEP/CFEP
for ECF 1111-1114 illegally never used. Cover ups ECF 913 at 3 - 11
ECF 931 pg 82 at 10 - 191 & 17 - 19 Purjury of Shekita ECF 931 pg 83 at 5 -
14. Fraud on Court ECF 931 pg 78 11 - 19 Gov't Exhibits 19, 20,  21 pro-
cured in violations F.R.Civ.P 60(b)(3)(4)(6); 60(d)(3) non-complances
ECF 97 Exhibit A: Deprived Petitioner of due process NC COA 10-422.

(s) Supporting Fact: UNC Department of Psychiary out patient program
on childhood trauma LCSW Nancy Berson, undercover secreate agent of Savage
and shekita. Fruudulent concealments of unlawful and unconstitutionally
fraud upon ECF 97 exhibit A: 10/03/02 unauthorized reffferal to LCSW N
Berson who fradulently fabricated and illegally manufactured NCGS 7B §§§§§
100, 101(15), 302(a), 200, 601, 506(a), 502(a), 1101-1111 and NCGS 50A-209
child and family  forensic evaluation., Fradulently fabricating JFD witness

In re McQueen 608 F.App'x 161 (CA4 2015): In Re Hicks 279 Fed App'x 236
(CA4- 2008): US v Whitaker 139 Fed App'x 547 (CA4 2005); In re Hisck 118 F
App'x 778 2005) Respondents confication of Petitioner Legal Property
ECF 964 & 1066 obstruings $ 2255.

GROUND 26:        Wolff v McDonnell 418 US 539 (1974) violations
deprived Peitioner of due process.  Void all DHO / UDC Löss GCT.

(a) Supporing Fact: Respondent falsifey 541.3, "SENTRY" entrees of
complance with due process: BP-A0304 & 288  and Petitioners 28 CFR 541.6
Defence failures of respondents to have petitioner sent to a FMC  P/S
6310.16  Insufficenty of 28 CFR 541.3 Superintendent Mass Corr Inst
v. Hill 472 US 445 (1995). Including 18 USC 4241(d) Petitioner same
personalliy disorders US v Henley 8 F. supp 2d 503: 597 HC 970-HO-(2)
(ED NC WD 1999), 2015 present  F.B.O.P Psychiatrick / Psychologial Disanonis

GROUND 27:        Reno v Koray 515 US 50 (1995) deprvations of excellerated
release by respondents.
(a) Supporting facts: Respoondent non compliance with P/S 5880.28; 7320.01
CARES ACT COVID-19 USAG 03/26/20 & 04/03/20 Memo priority Home Confinement
non-compliance by respondents,  18 USC 3624(c)(2). Respondents not
complying with their own policy 4500.12; 5050.50; 5800.15 CN-1; 5800.17:
58o8.08; 7320.01 CN-2; 7310.04; 7300.09; 7500.02; 5880.30; 5873.06:, 5380.08
5325.07CN-1; 1221.66; 5215.05 CN1; 1040.04; 1070.08 1330.18. Where this
petitioner should have already been relased.

GROUND 28        US v Applebaum 707 F.3e 283 (CA-4 / 2013) violations
US v Davis 4:14-CR-240-D(ED NC)  deprevation excellerated release
(a) Supporting Fact: No F.R.Cimp 41 or 18 USC 2703(d), illegally and
unconstiutioonally obtained F.R.Evid 902(11),

GROUND 29:        Respondent offical repisals on account of
petitioners Greivance P/S 3420.11 nature of offence 4-8, 10, 15, 16, 25,34
37, 38, 5 CFR 2635 § 3801.
(a) Supporting fact: FCI Beckely WV Warden Heckard , AW's Rich and Hall
cover-up Pine B Lower Unit Team criminal 18 USC 241, 242, 245, 249
violation USAG Executive order 12674 & 12731, DOJ 1735.1 of P/S 3420.11


GROUND 30:        28 USC 2241 Jurisdiction

Supporting Fact: US Supreme Court carved out small grounds of
condition of confinement under 28 USC 2241: Carobo v US 364 US 611 (1061)
Ex-Parte Watkins 28 US 193 (1830) Branden v 30th Jud Cir Ct of Ky 416 US 493
(1973) Presiser v Rodriguez 411 US 475 (1973).

(a) Supporting facts: Respondents non-compliance 28 USC 571.62(a)(1).
Fraud 28 CFR 571.63(a), 28 CFR 571.60-64.

GROUND 31:          USP Hazelton Indicent report of Petitioner possésion
of his legal propery Flash / Thumb Drive. DHO Craddock fraudulent
misresprentions 28 CFR 541.3 P/A 199. Where P/S 1237.16 Section 14.3
authorized Petitioner to posess his US v Davis 5:14-CR-240-D (ED NC)
Discovery on Thumb Drive 01-03-20 personal property P/s  5580.08 thumb
drive not any 28 CFR 500.1(h). Petitioner unlawfully and unconstituional
Place in SHU for over 1 year. Where USP Hazelton WV DHO Craddock conspired
with FCI-CUM-MD DHO Huff fradulently fabricating refferal to Special
Managment Unit AUSP Thomson Il. Huff never issued DHO report in over 1 year,
up until DHO Craddock falsifed BP-A0304 did DHO simultainouly issue his
falsifed BP-A0304 atypical hardships & retalatory transferr's. Lallave v
Martinez 2022 US Dist Lexis 187618 (ED NY 2022); Donnely v F.B.O.P 2021
WL 235754 at *4 (D.Minn 2012); Aguilar v US 2015 WL 5719166 at *2 (D.Minn
2015).

(a) Supporting Fact: Petioner sent electornic request to staff Warden
FCI-CUM-MD staff PREA violations. Warden Retalated placed Petitiner in
SHU no access to remedy process, Then Petitioer arbitray and capricious
abuse of discetions redesignation USP Hazelton WV. where Petitioner
electornic request to Staff Warden reporting A1 Unit Counselor Snoderly
misconduct she then retalited placing petitioner in SHU falsifed K2
whnere peitioner was innocent. led to falsifing AUSP Thomson SMU .

GROUND 32          Reapondent acting in excess of statutory authorites
depriving Petitioner of excellerated release.
(á) F.B.O.P action contray to establse federa law.
(a) Supporting fact: William 2021 WL 4155614 at 4ñ.4 William v Birkholz
No: 20-CV-2190 (D. Minn 2021).

GROUND 33:          Moody v gubbiotti 2022 US Dist Lexis 181399 (D.NJ 2022):
US v Mincey 2022 US Dist Lexis 181765 (D. N.Dakota 2022):
(a) Supporting facts: Pillow v B.O.P 2022 US Distric lexis 192489 (D.Ark 2022

GROUND 34:        28 USC 2255 inadaquate / ineffective to test the
legality and constitutionality. In Re Jones 226 F.3d 328, 239 (4th Cir 2000)
(a) Supporting facts: US v Wheeler 886 F.3d 415, 419 (4th cir 2018) In re
Vial 115 f.3d 1192,1194 (4th cir 1997) § 2255(e); 28 USC 2244(b)(2) § 2244
(b)(2)(A) Tyler v Cain 533 US 656 (2001) cound not have been discovered
§ 2244(b)(2)(B).

GROUND 35:        US v Davis 5:14-CR-240-D (ED NC) ECF 931 US-FBI
Gregory Johnson purjury "Subpona used to obtain F.R.Evid 902(11)
(a) Supporting facts: ECF 749 Response EDF 742 F.R.Evid 404(b). ECF
738.  Gov't Exhibits Search warrent 333 E. Pembroke AVE #8 23669.
Exhibits of F.R.Evid 902(11) having been obtained from Verizon with
out a Subpona. Evidence of Purjury FBI Johnson, and Subordination ADA
Ontjes / Hillbig. Illegal search and seziures 10/22/2014. No Subpeona.

GROUND 36:        Trial Counsel and Judge concealments 18 USC 641, 643, 669,
1341-1347, 49; 18 USC 1510. 1516, 1519, 1520.
(a) Supporting Facts: Savage, Batch, Shekita fradulently fabricated In Re
JD 207 NC App 309; 699 S.E. 2nd 699 (NA App 10/05/10)) via LCSW Nancy
Berson child & family evaluation.   Fraud on court 18 USC 2261A(2)(B) &
875(c) flase light coloring by USA. Concealing Petitioners actual and
factual inocences Bousley v US 523 US 614 (1998); Smith v Murry 477 US
527 (1988); House v Bell 547 US 518 (2006): Shlup v delo 513 US 298 (1995)
McQuiggin v Perkins 569 US 383 (2013) F.R.Evid 106 violations US v Davis
5:14-CR-240-D (ED NC) ECF 930, 931,923.

GROUND 37        Long v Hooks 972 F.3d 442 (CA4 2020).
(a) Supporting fact: State  NC v Davis 07CR71692 & 07CR86181 unlawful
and unconstutiional convictions. Prosecutrial misconduct ADA Shekita
covered up by Trial Judge ECF 117, 607, 843, 1066, 5:14-CR-240- B (ED NC)
fraudulent concealments ECF 1103. obstrution of § 2255 ECF 951, ECF 1066 n.2
ECF 1103, void ECF 1080. Castor v US 540 US 375 (2003): US v Emmanuel
288 f.3d 649 (4th cir 2002): US v Couther 857 Fed app'x 736 CA4 2021)
US V. Wilkes 796 f.app'x 183 (CA4-2020) Where 5:14-CR-240-B (ED NC) ECF
1046 was never any 2255 rechacterized a notice as intial 2255 without
opporuunty to be heard. Yick Wo v Hopkins 118 US 356 (1886)

GROUND 38:        Parker v Marston 2019 US Dist Lexis 1355028 (WD NC 2019)
(a) Supporing facts: In the case of Petitioners Parental Rights.

unconstiutionally and unlafully terminated by LCSW Nancy Berson, agent
of ADA Shekita and Savage. fraudulently fabricating evidence JFD
Witness 06CR72340-01 & 07CFS51567 in order to circumvent & undermine
Davis's criminal defence attorney motions to dismiss 06CRS72340-01 TWO
counts of felony strangulation, 07CR51657 Misdemenor Domest Vioelnce.
lake of jursidiction and Probable cause. In support of Ms. Davis sworn
affidavits denying being domestic violence victium, and being in the
city of Hampton Va. 06CRS72340-01.
LCSW Berson UNC School of Medicne Deapartment of Psychiary out patient
program on childhood trauma and maltreatment. PSYD R. Aiello "JFE" carolina
care and counseling PSYD office of Aiello, PHD J. Helminski JFE. PSDY
S. Garvey Ms.& Mr.Davis parental unfitness community  psychologial resor-
ces norfolk Va, and K. Yost, H.D. Killpatric Jaworski parental fitness.
Unaughorized NCGS 7B evaluaors. No of ECF 97 Exhibit A 5:14-CR-240-D;
Where Savage, Batch, Shektia and the Wake County family court officers
and judges were setting Petitioner up to be criminally prosecuted and
convicted via CFE See Paker v Marston 1:17-CV-00299 (WD NC 2019) n.3
exposing in re JD fraud on court 07JA705 & 07JT705 unlawful CFE, and
Psyd, PHD, LCSW evaluations.. Financial interes of UNC Health Care
system interest in out come 5:14-CR-240-B (EDNC):  ECF 198 pg 409 void
removal JFD petition 10/02/07 obtaine by fraud pg 409 - 415;  ECF 306 pg
123 Savage False Affidavit; Illegally obtained F.R.Evid 404(b) in violation
ECF 306 pg 131 standing court order ECF 198 pg 364 NCGS7B-3100 codification
20 USc 1321g. violations. ECF 198 pg 420, pg 179. ECF 931 pg 177 Hubbell
at 9-25 purjury  fraudulent concealments F.R.Civ.P 11 motions 10/10/14 of
Batch, savage and shekita. ECF 33 pg 82: ECF 931 pg 210 at 7 - 25 US-FBI
Johnson Purjury at 22. ECF 931 pg 183 I.A.C ECF 306 pg 277 VA lawsuit.
AUSA A Hulbig subprdinations of US-FBI Johnson Purjury ECF 931 pg 200
at 5 - 20; there was no subpeona. illegally obtained F.R.Evid 901(11).
Void Wake county family court judgement in re JD 07JA705 & 07JT705
see Old Wayne Mul Life Ass v McDonouh 204 US 8 (1907) Ponnoyer v Neff
95 US 714 (1878)

GROUND 39:       US v Cronic 460 US 648 (1984).
(a) Supporting facts: Petitioners pro se submissions, trial counsel
failed to put the governments case in cheif to adversarial pro se
submissios out come of Pre-Trial, Trial, Sententicing, and Appeal would
have been diffent Petitoner aquitted actual and factual Pro se Submission

thawrted by Counsel ECF 932 pg 3-9 fraud upon court and petitioner. and
counsel non-compliance ECF 964 at 3 US v William 2022 US App Lexi 2062 (CA
4. 2022) obstructions of § 2255. US v Glover 8 4th 239 (CA4 2021) fraudulent
concealments Sean P Vitrano, Joseph Ross, Thomas C Manning, John K Wiles,
Patrical Palmer Nagel, court appoint counsel for Petitioner

GROUND 40:        In Re Roders 537 F.2d 1146 (4th cir 1976)
(a) Supporting Fact: ECF 117 & 06/06/22 reasinments of 5:14-CR-240 (ED NC)
deprived petitioner of due process unbiased tribunal.

GROUND 41:        Martin v Duffy 858 F.Ed 239, 249 (4th Cir 2017).
F.B.O.P disciplinary actions.
(a) Supporting fact: Booker v S.,C. Dept Corr 855 F.3d 553, 541 (4th Cir
2017).

GROUND 42:        Accardi v shaughness 347 US 266 (1954)
(a) Supporting Fact: Respondents never complied with their own policy and
codes of fenderal regluations. which deprived petitioner of excellerated
release: CARES-ACT-COVID-19, Elderly offenders, Home Confinement, Compassion
at release, reduction in sentece extaordinary circumstance, other reasons.
Second Chance Act, FSA/FTC/ P/S 5200.06; 34 USC 6054(g): 5220.01; 5325.07;
5410.01 CN-21 ; 5884.03; 5050.50;


GROUND 43:        Ross v Blake 136 S.Ct 1850, 1857(2016)
(a) supporting fact: for all of the same reasons and gounds stated
Ross v Blake 136 S.Ct 1850,1857(2016) Respondents made 28 CFR 542. et seq
unavalable to Peitioner. And Respondents fraudulently concealed the
grounds of Ross v Blake 136 S.Ct.1850, 1857 (2016) Petioner Administative
remedy general retrival evidence of Ross v Blake 136 S.Ct 1850, 1857 (2016)
Administraive remedy coordinators frauduelnt misreprsentions, fraudulent
rejections, not filing SENTRY BP-9 at the instutional level, Counselor,
Unit Managers, AW's, Case Managers.


GROUND 44:        Appointment of Counsel
(a) Statement of Fact: Whisenant v Yaum 739 F.2d 160, 163 (4th Cir 1984)
Warren v Halstead Indu 814 f.ed 462 (CA4 1987) Cook V Bounds 581 F.2d 779

(4th Cir 1975): Branch v Cole 686 F2d. 264, 686 f.2d 234 (5th cir 1982)
Evans v Kuplinski 713 fed app'x 167 (CA4 2017) See ECF 97-3 pg 11-14 State
v. Davis 07CRS71692/06CRS72340-01 ADA Shekita reply motions US v Davis
5:14-CR-240-BR-1 (EDNC) fraud & brady violations. concealing that she and
savage were unlawfully and unconstutionally controling WCHS-CPS, LCSW N
Berson and Wake County NC Family Court. ECF 198 pg 232, ECF 198 pg 227, ECF
306 pg 18 Purjuy of Shekita & Savage ECF 931.  18 USC 3006A(a)(1)(2)


GROUND 45:        NCGS 14-32 & 33 USSG 4B1.2(a)(1) § 4B1.2(a)(2)
void State v Davis 07CRS86181. US v Campbell 22 F.4th 436 (CA4 2023)
(a) supporting facts: US v Simmons 917 f3d 312 (CA4 2019) US v Barcenas-
Yanez 821 f.3d 552 (CA4 2018); Borden v US 141 S.Ct 1817, 1823 n.3 (2021)
US v Davis 139 S.Ct 2319 (2019)


GROUND 46:        F.R.Civ.P 15
(a) Supporting facts: Foman v Davis 371 US 178 (1962) Davis v Heckard
et al 5:22-CV-000254 (SD WV): Sandin v Conner 515 US 472 (1995): Haines v
Kerner 404 US 519 (1972) Robers v LaValle 389 US 40 (1967)


GROUND 47:        Respondents non compliance 18 USC 3621(b)
(a) Supporting Fact: Respondents never consider any of the factors
18 USC 3621(b). Did not take into consideration 18 USC 3621(b)(1) abuse
of discretion BP-A0770. FMC Butner NC, most appropriate faciliy within
District of Petitioner Release & 500 Mile. Respondent BP-A0770 to FMC
Rochester MN, not considering 18 USC 3621(b); and (b)(2), and (b)(3) & (b)
(5) USSG  policy 994(a)(2) § 602 of FSA 500 Miles non compliance abuse
of discetion by respondent. Failure to properly interpret Statue & CFR's
Court F.R.Evid.201. Deprived Petitioner of excellerated release.

GROUND 48:        Court can Make recomendants to respondents.
(a): Supporting facts: Petitioner 18 USC 3632(d)(4)(A)(ii): EBRR, PATTERN,
SPARD-13: Low Custody, Low Recidivism, no danger to anyone or community,
Determination by respondent. Allows This Court to Make RRC/HC recomendations
US v Venable 934 F.3d 187 (CA4 2019): US v Benn 799 F.Appz 202 (CA4 2020)
Respondents non-compliance 18 USC 3621(b) § 3624(c)(6)(A) § 3621(b), 28 CFR
570.22 unlawful and unconstutional statutory interpretations respondents.

deprived petitioner of excellerated release. Including failures to properly
calcuate 18 USC 3641(b)(1); § 3632(d)(4)(A)(ii); Elwood v Jeter 386 F.3d
847, 844, (8th cir 2004); Golding  v winn 383 F.3d 17,22 (1st cir 2004).

GROUND 49:        Petitioner Challenging Fact or duration of Custody that
is the legality of his detention: 28 USC 2241:
(a) Supporting fact: US v. Smith 6:15-CR-6001 (WD VA 2019) Petitioner
arbitray and capriciously transferred and redesignated by respondent
in retlations attempted staff criminal misconduct documented in Petitioner
E-Mail electronic request to respondent, and attempte BP-8, 9, 10, 11 that
were thwarted by respondent. Petitioner trasfered/redesignated over 1500
miles from his relase RRC/HC residence ED NC WD. Abuse of discetion § 3621(b)
Rodriquez v Copenhaven 823 F.3d 1238, 1242 (9th Cir 2016); Jaworski v
Guierrez 509 F.Supp 2d 573 (CA4 2007); wedelstedt v Wiley 477 f.3d 1106(CA10
2007)

GROUND 50:        Petitioners 28 USC 2241 Jurisdiction  and proper
vehical in challenging Excution, sentence, computation, discipline, prison
transferrs, type of detention and prison conditions in which this petition
28 USC 2241 is challenging.
(a) Supporting Fact: Preiser v Rodrizuez 411 US 475 (1973): US v. Little
392 F.3d 671,678079 (4th Cir 2004); US v Miller 871 F.2d 488 , 490 (4th Cir
1989); Diaz v. Worden FCI Edgefileld 4:12-CV-00093-RBH (D.S.C 07-13-20017)
Jiminian v Naxh 254  f.3e 144,146 (2nd  cir 2001) Manigult v Lamanna No:
8:06-047-JFA-BHH; 2006 WL 1328780 *1 (D.S.C 05/11/2006) Respondents
abuses of Discretions US v Wilson 503 US 329 (1992) reviewable by this
court.

GROUND 51:        28 CFR 542.10-19 dose not apply 28 USC 2241.
(a) Supporting fact: Petitioner Challenging Respondent interpretaions,
of Aforementined Statues, Code of Federal requlations, and Act of
Congress: In respondents deprevations of excellerated release, in the
carrying out, executions, length, duration, and location Petitioners
Sentence..

GROUND 52:        28 CFR 542.10-19 Exhustion Futile:
(a) Supporting Fact: Petitioners FSA/FTC 18 USC 3632(d)(4)(A)(ii) exceeding

the length of time remaing on term of incerceration in a F.B.O.P instution.
Respondents unwilling to grant any relif 28 CFR 541.10-19 simple dead end,
Respondent predeterming 28 CFR 541.10-19 to the detriment of Petitioner.
Petitioners FBOP Administative Remedy genderal retrival show Respondent
unwilling to grant any releif, respondents erroneous rejections, any attempt
at FBOP Administrative Remedy process is futile: See Dunkely v Hamidulla
2007 US Dist Lexis 64929 (      ); Zucker v Menifee 2004 US Dist Lexis 724
(SD NY 10-21-04) Fagoiolo v smith 326 F. Supp 2d 589, 590 (M.D. PA 2004).
including cause and prejudice respondents indivious class based racial &
gender animus, retaliations / reprisal against petiter filing of 18 USC
241,242,245,249 criminal misconduct prison offical's FMC-LEX-KY; FCC-BUT-NC;
FMC-GUH-NC; FCI-CUM-MD; USP-HAZ-WV; AUSP-TOM-IL; USP-MCR-KY: FCI-BEC-WV:
FMC-ROC policy 3420. 11; 1350.01; 12 10.24 criminal civil rights violations.
Cause and Prejudice McClung 90 F.App'x at 455(citing Carmona 243 f3d at 634-3
5.

GROUND 53:     53     Statutory interpretaions.
(a) Supporting Fact: Wright v Warden RDB-10-671 (D.Md 03/24/2010): Harris v
Martin 727 f2d 52, 54 n.2 (3d Cir 1986): Hariston v wilson 1:13-CV-126 TSE/
IDD (ED VA 02/05?2013). Goodman v Ortiz CA3 No: 20-7582; US Dist Lexis
153874 (D.N.J 08/25/2020) Hare v Ortiz 2021 US Dist Lexis (D.N.J. 2021)

GROUND 54:     28 USC 2241 conditions of confinement proper.
(a) Supporting facts: Petitioner in coustdy in violations constitution &
Laws of the USA: Substative & Proceedual due process deprevations. Respond
ents abuse of discreation extreme deviations  § 3624(c)(2) CARES ACT COVID-19

USAG Memorandum 03/26/202 & 04/13/21 totally disregareded by respondent.

28 USC 2241(c)(3); 18 USC 3621(h); Mckune v Lile 536 US 24 (2002) CARES

ACT § 12003 (b)(2) & 28 CFR 541.12 atypical restrants upon petitioner

liberty interest Sandin v Conner 515 US 482 (1995): Wilson v US Parole

comm'n 193 f.2d 195 (3rd cir 1999): US v Jundgern 528 f.2d 1050, 1053-54 (

5th cir 1976) 28 USC 2242(c):

GROUND 55:     Respondents relied  on false information See Monroe 932

f2d at 1441,42; Monre v Thigpen (11th cir 1991)

(a) Supporting Fact: FCI Beckely WV Unit Manager Erin Stennett fraudulently fabricating incident report,, inretalation Petitiner exposing her 18 USC 1001, 18 USC 241,242,245, 249 misconduct, and denial acces to court, and legal property 28 USC 2255..

GROUND: 56:      Respondent failed to recognize their discreation FSA/FTC, PLRA Good Conduct time Credits, immediate rlease to RRC/HC USAG Memo CARE-ACT-COVID-19.
(a) Supporting Facts: Coburn v Spaulding 3:20-CV-01389 (M.D.PA 06/15/2021) Vasquez v Strada 684 F3d 431,434, (3d Cri 2012) failure to recognize discretion  34 USC 60541(g); 18 USC 3621;  28 CFR 523.44;  18 UCS 3624(g); 18 USC 3624(b); 18 USC 3632(b) & (d); 18 USC 3621(e); §§§ 3621; 3624; 3632; See Borden v Keohane 921 f2d 476, 481,483 (3rd cir 1990) US v Houck 2 F4th 1082, 1085, (8th cir 2021); US v Saunder 986 f.3d 1076, 1078 (7th cir 2021)

GROUND 57:      Petitioner deprive of equal protection, on account of Petitioners Race, Color, and Gender deprevations of excellerated realse. In coparisons to simularly situtated non-minorities.
(a) Supporting fact: Respondent denying minorites CARES ACT COVID-19, RRC/HC: 34 USC 60541(g), Second Chance Act, Compassionate Release, FSA/FTC, however granting simularary situated White Caucasins Excellerated release: Plyler v DOD 457 US 202 (1982) US v. Johnson 529 US 483 (2013).

GROUND 58:      Petitioner seeking of injunction.
(a) Supporting Facts: Colton v Ashcroft 299 F. Supp 681 (ED KY 2004) Grant injunction FBOP ordered to transfer Petitioner to RRC/HC.

GROUND 59:      Petitioners 34 USC 60541 violations.
(a) Supporting facts: Respondents refusal and failures to assist petitioner

in obtaining birth certificate, state idenfication, driver licence, community resources, social security diability, Failure to proved Federal Reentry services: 28 USC 2241 Bush V Pitzer 133 f3d 455 (7th Cir 1997) F.B.O.P non compliances withig own policy program statements C.F.R. Withrow v William 507 US 680 (1993): Moore v Dempsey 261 US 86 (1923).

GROUND 60:          Respondent Atypical Administrive Detentions tranfers Hardsips: Peitioner prolonged isolated seqretations "SHU" & "SMU":
(a) Statement of Fact: Petitioner administrative dententions "SHU" USP McCreary KY just prior to being transferred to FCI Beckely WV. USP Mc Creary unit Manager Clark, fraudulently fabricated confidential informant threat upon petitioner safty. FCI-CUM-MD administrative Detention, then in retalation petitioner PREA staff misconduct "SHU" prison guard fabricated incident reports. Atypial Hard Ship Management Variable USP Hazelton WVA retalation Transfer. Bronw v smith 828 F.2d 1493 (CA10 1987) under 28 USC 2241. Where USP Hazelton WVA fraudulenlty fabricated incident report "Hazardous Tool prohibit act 108 "Flash Drive" prohibited at 199 "Much like cell phone" introduction into instution.; Grayned v City of Rockford 408 US 104 (1972): City of Cleburne v Cleburne Livg CTR 473 US 432 (1985)

GROUND 61;          28 USC 2241 conditions of confinement.
(a) Supporting Facts: Ziglar v Abdasi 137 S,Ct 1843, 1862-63(2017), and injuntive relief Bell v Wolfish 441 US 520 (1979). Unconstutional restrant upon libert interest Preiser v Rodriguez 411 US 475 (1973): Wilwording v. Swenson 404 US 249 (1971); Johnson v Avery 393 US 483 (1969): Hope v warden 977 f3d 310, 317, 324-25 & n.5 (3rd Cir 2020): US v Harris 12 F.3d 735 F.3d 735, 736, (7th Cir 1994) Cambell v Henman 931 F2d 1212, 1213-15 (7th Cir 1991): gomez v US 899 F2d 1124, 1125-27 (11Cir 1990): Bostic v carlson 994 f.2d 1267, 1269 (9th Cir 1989): woodson v Lack 865 F2d 107, 109

, 109, 110 (6th cir 1989): Willis v Ciccone 506 F2d 1011, 1014 (8th Cir 1974)
Armstrong v Cardwell 457 F.2d 34-35-36 (6th cir 19720: coffin v Relahard
143 f2d 443, 445 (6th cir 1994) llina v Zickefoose 591 F.Supp 2d 145, 146,
149, 150 (D. Conn 2008) Medical consdition under 28 USC 2241. Citing FHCPP
infr § 42, 2b n.n 22,23: Ruiz v Texas S.Ct246, (2017)(MEM)(Bryer J Dissenting)


GROUND 62:          Petitioner Subject to being Sent Back Too: 28 USC 2241
AUSP Thomson IL "SMU", USP Hazelton WV, USP McCrery KY, FCI-CUM-MD
(a) statement of Fact: Supervised release revocations non payment of fines
fees, cost, Respondents fraduenty fabricating "SHU" Administrative detent-
ions, The while Petitioner in SHU fradulently fabricating disciplinary act-
ions Atypical Hardships transfers, Isolated disciplinary segregations.
Davis v Ayala 576 US 257 (2015): Incummaa v Stirling 791 f. 3rd 517, 520 (4
th Cir 2015)`Conditions of confinement under 28 USC 2241.

GROUND 63:          No Conditions of Confiment can remedy Respondents
Constitutional Violations, and Law of USA See Preiser 411 US at 500:
(a) supporting facts: Levine v. Apker 455 F.3d, 71,78 (2nd Cir 2006):
Falcon v. US B.O.P. 52 F.3d 137 (7th Cir 1995); William v Kaiser 323 US 471
(1945): Wainwrite v Sykes 433 US 72 (1977) unlawful & unconstutional
State NC v Davis 07CRS71692 & 07CRS86181 convictions depriving petitioner
of excellerated release.

GROUND 64:          Petitioner Exhusted 28 CFR 542.10-19 administrative
remedy 28 CFR 541.1-8 Dicipline Actions revocation of Good Conduct time.
(a) Supporting Fact: Remedy ID 1011311-A4 "SMU"  Program Statement 5217.02,
Refferal Bases Diciplinary actions: #'s 3354941; 3229337; 3146610; 3145493;
denial due process, denital 24 hour notice, indicent reports not deleived
within 24 hours, UDC Held while Peitioner In "SHU" Cell & not taken out
of cell for UDC as mandated, Denied Witness, Fact of Matter Denied "SHU'

Vedio Exculpatory Evidence: "SHU" Video FMC-CUM-MD, USP-HAZ-WV: AUSP
TOM-IL, USP McCreary KY showing that respondent never complied with
P/S 5270.09 CN-2, P/S 5270.11; 5217. 02 due process, substantive &
procedural due process: BP-A0288 & 304 falsifed due process compliance
caught on "SHU" Vedio. Incuding Petitioer 28 CFR 541.6 denial of due
process, petitioner unable to understand the nature of the 28 CFR 541.3
actions 2982628; 3141468; 3141466: 3139568; 3145493; 3146610; 3217625;
3229937 & 335491. Petitioner deprive of staff representive. Petitioner
Blind from Dense Cateracts never provided any F.B.O.P rules and regulat-
ions for the visual imparied, Never receiving notice 28 CFR 541.3 prohit
ed acts.

(a) 3354941 I/R & DHO offical reprisal and retaltion for filing PREA
"SHU" Staff misconduct. Petititioner taken from his SHU Cell, humulated
Strip Search, assult/Battery. J. Laird falsifed 3354941, known by PSYD
and DHO cover-ups assualt/battery LT Shup, LT Wetstone, J. Laird. Found
gulty of inmate assualt/Battery SIA Washinton DC Inevstiagtion after
Petitioner Atypcial hardship transfer AUS-TOM-IL.

(b) 3229937 I/R & DHO denial of due prcess: Without notice and opportunity
to be heard: DHO Craddock changed the charges and prohbited Acts when
petitioner threaten to sue at the initial DHO hearing two weeks prior
to 04-17-2019. Petitioner actual and factual innocence: Flash Drive
introduced into instution by R&D officer Custer Per 28 CFR 543.11.
USP HAZ WV SHU Vedio shows Petitioner denyed access to law library
and legal propery for over 365 days. Petitioner Just Discovered
Policy 1237.16 sec 1.7 & 14.3 that allowed Petitioner to posess
his thump dive US v Davis 5:14-CR-240-BR-1 (ED NC) Discovery.
Unlawful & unconstutional "SHU" discipline detention 03-03-2019.
Where I/R 3354941 would have never occured 01-21-2020. Nor would

would petitioner would not have been setup "Falsief Refferal to SMU AUSP
TOM-IL. In retaliating for filing Electronic Request to Staff "Warden"
Greivance" Counselor Blunt and Snoderly denying Petitioner access to
BP-8, 9, 10, 11's, and not processing BP-8's,& ('s hand delivered to them.
DHO Craddork conspired with DHO Huff FCI-CUM-MD lack of impartiality and
indivious class based racial animis discrimination never having a minority
DHO at FCI-CUM-MD and USP-HAZ-WV. DHO Craddock conspired with DHS Huff
to deny Petitoner of 28 USC 541.1-8 due process. Fact of Matter Petitioner
in FCI-CUM-MD "SHU" administrave detention in retalation reporting PREA
staff misconduct to WARDEN via electornic Request to staff 06/25/2018.
SHU 1t and SHU prison grauds 02/26/2018  thorugh  07/16/2018. "SHU"
LT Felix and his "SHU" Staff falsifed BP-A0288 #'s 3139586;3141466; 3141468;
3141466; 3145493;  3146610;  Where DHO Huff never complted BP-A304 of
28 CFR 541.8  3145493 & 3146610 until 7-8 Months later to coinsice with
DHO Caddock Referral of Petitioner to SMU 04/17/2019 based upon DHO
Huff P/S 203 x2; and Cradock 3229937 DHO hearing 04/17/2019 conspiracy.
Fact: While Petitioner in FCI-CUM-MD SHU Unit Manager Fazenbaker pretended
to take Peititioner BP-8's & 9's appeals of 3145493; 31339568; 314466; 3146610
: 3141468 for processing that she never turned in including BP-10 indigent
postage which she was to have funished. Petitioner never receivde DHO
Huff BP-A0304 of 04/17/2019 while in "SHU" of USP Hazelton WV. Petitioner
denied access to BP-10's to Appeal DHO Huff & Craddock, denied indigent
pen,paper, postage. Petitioner Denied 28 CFR 541.14(b) extentions by
FCI-CUM-MD; USP-HAZ-WVA: AUSP-TOM-IL; USP-MCR-KY, FCI-BEC-WVA.. Incuding
Denied SHU Administation Detention orders, and Dicipline orders appealable
via BP-9's. FCI-BEC-WV Unit Manager E. Stennett, Counselor J. Brown upon
arrival denied peitiioner 28 CFR 541.14(b), and BP-9's, 10's, 11 while in
COVID-19 Quarantine. Then they would not process BP'~8's, and 9's of their
obstructing 28°CFR 542. 10-19.

Fact of Matter: Respondents denial access to 28 CFR 542. 10-19 well docum-
mendted in Peitioners E-Mail Electronic Request to Respondent: F.R.Evid
201, 902(11). Incuding reaondents F.B.O.P E-mail Accounts conspiring
amoungst themself's to deny access to P/S 1330.18, Retalatate against
Petitioner, and retalatory unlawful and unconstutional transfer atypical
hardships redesignations. Including conspiring to thwart and undermine
Sectond Chance Act: CARES ACT-COVID-19, Compasionate release, FSA/FTC,
: Elderly offender FSA.

GROUND 65:        Petitioner never refused IFRP to be Disallowed FSA/FTC
18 USC 3632(d)(4)(A)(ii) at any time.
(a) Supporting Fact: When Respondents had unlawfully and unconstutionall
negotianted TWO seperate COVID-19 Stimulus unauthorized LOCK BOX deposits
into Petitioner Trust Funds Account; AUSP Thompson IL No Power of Attorney
and FCI Beckely WV No Power of Attorney: Unlawfully & unconstituioonally
encumbering Both Stimulus US tresury Check SUM of $1,7350.10 that was then
unlawfully and unconstutionally dispured PLRA Informa Pauperi Fee's US DC
ND ILL. Never satisfing US V Davis 5:14-CR-240-BR1 (ED NC) ECF 906 J&C
fines, fees, cost, restition. Petitioner threaten to file Bivens & FTCA
against respondents who then retalated unlawfully and unconstutionally
entering into SENTRY "IFRP REFUSAL" that deprived petitioner of excelerate
FSA/FTC release 18 USC 3632(d)(4)(A)(ii).


GROUND 67:        Respondents denied Petitioner of Excellerated
Release. That deprived petitioner of due process, and sustative proceedural
due process. Respondents relying upon false infomation.
(a) Supporting Fact: Second Chance Act: Elderly offenders' CARES ACT COVID
19, RRC/HC. 18 USC 3621(b). Erroneous diciplinary actions, and SHU & SMU
unalawful and unconstutional 28 CFR 541.3 and § 541.1-8 calculations
applied by respondent to deny excellerated release.

GROUND 68:          Petitioner Approved for 365 FSA/FTC off Sentence
May 12, 2024 release adjusted FSA/FTC COVID-19 356 Days. Inaddition to
365 days pre-release FSA/FTC., on top of 365 days RRC/HC.

(a) Supporting Facts: FMC Rochester MN Warden electornic request
of Petitioner RRC/HC, immediate release response attachment.


GROUND 69:          Petitioner exhausted Administrive Remedy

(a) Supporting Fact: Respondent must produce SENTRY scanned
BP-9, BP-10, BP-11, and rejection, and or acknologments,
including all of Petitioner supporting exhibits and attachment.
Placing respondent on notice of 28 USC 2241 cliams & Issues;
Administrative remedy futile; Keegan v derr 2023 US Distict Lexis
38504 (D Hono HI) 28 USC 2241 Jurisdiction 18 USC 3632(d)(4).

GROUND 70:        Peitioner Home Confinement;
(a) Supporting FACT; Toole v Kruger  2012 US Dist Lexis 179162 (D.Minn)
US v Smith  2021 US Dist Lexis 16730 (D.S.C 2021)
GROUND 71:        FSA/FTC 18 USC 3632(d)(4)(A) excelerated
release to term of supervised release
(a) Supporting Fact: Yufenyuy v Wardent 2023 US Dist Lexis 40186 (D.N.H)
Hedges v US Marshas serv's 2022 US Dist Lexis 212385 (ED KY 11/23/2022) n.i.
Remedy futile roders v US 180 F.3d 349, 358 (1st Cir 1990)Idada v Spauld-
ing 456 F. supp 3d 294, 297 (D.Mass 2020); Komando v Luna 2023 US Dist
Lexis 11477 (D.N.H)

GROUD 72:        28 CFR 542.10-19  waste of time, respondent
unwilling to grant any relif, perdterming P/S 1330.18 to the detrement
of petitioners excellerated release: Challenging the Exceution, Carrying
out, length & Durations of his Sentence and Location.
(a) Supporting Facts: Waslh v Boncher 2023 US Dist Lexis (D Mass 2023)

Hernandez v sessions 872 F.3d 976, 988 (9th Cir 2013)(quoiting Laing v Ashcrof 370 F.3d 994, 100 (4th Cir 2000); US v Alumina-Torres 2021 US Dist Lesis 2224423 (WD NC 2021) see Fouinier v zickefoose 620 F Supp 2d 313 (D Conn 2000): fuller v Rich 11 F 3d 6122 (5th Cir 1994).

GROUND: 73:        Immediate release to RRC denied by respondents abuse of Discretion:

(a) supporting Fact: Respondent never considered the 5 factors 18 USC 3621

(b);  failures to properly interprerate second chance act 18 USC 6321(c)(1); 28 CFR 570.20-22; § 570.21. Twelve Months RRC see Woodall v F.B.O.P 437 F.3d, 235 (CA3 2005): Petitioner has more FSA/FTC that time left on his sentence: 28 CFR 542.10-19 futile / irreputable harm: Lyons v US Marshals 840 F2d 202, 205 (3rd  cir 1988); 18 USC 3624(c)(6) 28 CFR 570, 2-22; § 570.21(a).

GROUND 74:        FMC-Rochester Warden Appoval 356 Days RRC & 365 Days FSA/FTC immeaiate release RRC / supervise release.

(a) supporting fact: cf; Specter v Director 2010 US Dist Lexis 20134 (D. S.C. 2010:

GROUND 75:        F.R.Civ.P 15 Freely Granted

(a) Supporting facts: foman v Davis 371 US 178 (1962): Laber v Harvey 438 F.3d 404, 436 (4th Cir 2006); Petitioner not seeking any BIVENS releif. but injuntive and declaratory releif prohibiting resondent from Abuse of Discreation, arbitray and caprious denials of excelerated failures to properly interprete relevant statues, and implementaions of relevant code of federal requations abuse of discretion; cf: Syerk v. Phillips 2008 US Dist Lexis 706 (ND WV) however see Kruger v Martinez 665 F.Sup 2d 477 (M.D. PA/2009).

GROUND: 76:         34 USC 60541(g) FSA § 603 Amendement. Petitioners

issue: F.B.O.P defintion of crime of violence 18 USC 16(b) unconstutional

ly vauge: US v Davis 5:14-CR-240-D (ED NC) overly broad applications

18 USC 2261A(2)(B) & 875(c); Content based restriction E-Mails application

unlawfully limited 1st amendment protection that violated F.R.Evid 106.

(a)  Supporting Facts:  Petitioner not seeking court ordered 34 60541(g)

US v Egan 2019 US Dist Lexis 61896(S.D.N.Y) citing Zheng Yi Xiao v

La Tuna Fed Corr Inst 2019 US Dist Lexis 57602 (WD Tex). Respondents

abuse of discreation 34 USC 60541(g) denial's as applied to Petitioner

GROUND 77:         34 USC 60541(g)

(a) Supporting facts: US v Canto 423 F. Supp 3d 345 (SD Tx 2019)

GROUND 78:         28 USC 2241 challenging conditions of confinement.

(a) Supporting Fact: Rodrizuez v Ratledge 715 Fed App'x 261 (CA4 2017) citing

Aamer v Obama 742 F.3d 1023,1032 (D. C.R 2014) Presier v Rodriquez 411 US 475

(1973); Darby v Kemp 975 F2d 145 (CA4 1992) citing McKart v US 395 US 185

(1969) at 193; Hoing v. Doe 484 US 305 (1988) Coit Independant Joint

Venture v Federal Sav and loan Inc Corp 489 US 561 (1989) See Timms v

Johns 627 F.3d 525 (CA2 2010)citing Raugul v Bush 542 US 466 (2004)

GROUND 79         Petitioner Administrative Remedy

(a) Suporing facts: White v Leu 2023 US Dist Leixs 20340 at 11-12 (ED VA

2023); Rivers v Dunbar 2023 US Dist Lexis 38520 (D.S.C) Citing Dunkley v

Hamidullah 06:06-CV-2139 (D.S.C 8/13/07); Ben v Janson 2023 US Dist Lexis

50537 (D.S.C)citing Diaz v Warden FCI Edgefield 4;17-CV-00093-RBH (D.S.C

07/13/2017)citing Yi v. F.B.O.P 412 F3d 526 (4th Cir 2005): US v Little

397 f3d 671, 679 (4th cir 2004) See McClung 90 F.App'x 445 citing Carmona v

BOP 243 2d 692, 634-35 (2d Cir 2001) Petitioner asserts same ground

Administative remendy exhustion waiver at 643-35. Tucker v Carver 2021

US Dist Lexis 26914 (SD WVA 2021) citing Reeder v Philiips No:1:07-CV139 (ND WVA 2000) exhaustion futile Jaworski v Gutierrez 509 f. Supp 2d 573 (ND WVA 2008). Respondent consitianly to ruleadversly to Peititioner 28 CFR 542. 10-19  no matter what F.B.O.P unwilling to grant any releif Reeder 2008 WL 234003 at *2-*3 (ND WVA 2008) citing fuller v rich 11 F. 3d 61, 62 (5th Cir 1994) De Rivis v Entzel 2018 US Dist Lexis 17599 (ND WV

GROUND 80:       US v. Davis 5:14-CR-240-D (ED NC) ECF 906. IFRP BOP fine, fee's, cost & restitution: 28 USC 2241 Jurisdiction.

(a) supporting Fact: Respondents failure to satisfy $483.10 IFRP, ECF 906 US v Davis 5:14-CR-240-D (ED NC) supbjecting Petitioner to supervised release revocation. Respondents without power of attorney impropery negotianted TWO COVID-19 stimulus US Tresuary Check toling $1,750.10, and fraudulentlly fabricating IFRP refusal. That deprived Petitioner of 18 USC 3632(d)(4)(A)(ii). Fontanez v O'Brien 807 f.3d 84 (CA4 2015) IFRP execution of sentence citing In re Vaial 115 F3d at 1194 n.5 (CA4    ) US v Snow 748 F2d 993034 (4th  Cir 1984).

GROUND 81:       28 USC 2241 length, durations, excution, carring out sentence and location Declaratory relief resondent deprevations excelerated supervised release Bunn v conley 309 F.3d 1002 (CA7 2002)

(a) supporting facts; Reno v Kory 515 US 50 (1998): Respondents non-complianc program statements substantive and proceedutal due process: 5270.09 CN-2; 5270.11; 5410.01 CN-2; 5050.50; 5322.13; 5220.10; 5200.06: 1330.18; 1221.66; 7030.01; 7320.09; 7320.01 18 USC §§ 3624(c), 3621; 6270.01; 6190.04 28 CFR 54 6090.04; 6010.04; 6013.04; 6027.01; 6340.04; 5324.04; 5324.09; 1350.01; 1315. 07; 1330.18; 1070.09; 1040.04; 5884.13; 58884.03/18 USC 3624(b)(4)/28 CFR 523 70; 5880.29; 5873.06; 5803.08; 5800.18; 5800.15 CN-1; 5566.06/28 CFR 552.20-2 5511.13; 5325.07/28 GFR 571.10-13; 5324.12; 5324.04; 5321.08; 5270.09 CN-1/ 28 CFR 541.1-8; 5270.11/28 CFR 541.20-23; 5290.14; 5215; 5217.02; 5070.02; and Management of Aging Offenders.; 4500.12; 5162.05; See reno v Koray 515 US 50 (1995); 34 USC 60541(g)

GROUND 82:    Accardi v Shaughnessy 347 US 260 (1954) In Re GROUND 81
F.B.O.P policies, Rules, and Regulations. Finding that the Agency must exe-
rcise it's judgement in a habeas case because the agency comittes itself
by requlations for Review of the Agency adherance to its own validly enact-
ed procedures. The Accardi doctrine provides that when an agency fails to
follow is own policy [Abuse of Discretion], proeedures, regulations the
agency actions are in-Valid. Depriving Petitioner excellerated Release.
(a) Supporting fact: Respondents never complye with it's own policy, and
codes of federal regulations, as it applies to the execution, carrying out,
length, duration, and location of Petitioners Sentence, that deprive the
petitioner of excellerated release in which this court can review;  See
Morton v Ruiz 541 US 199 (1974) Accardi v Shaughnessy 4342 US 266 (1954);
US v  Morgan 193, f.3d 252,266-67 (4th Cir 1999) 32 Charles H. Loch Jr.
Federal Practice and proceedures § 8165 AT 182-83 (2006); AGENCY COMPLIANCE
with the rules formulated by Agency. No unlimited and unreviewable agency
discretion See Zadvydas v. Davis 533 US 678 (3001); Service v Dulles 254 US
363 (1957) Yellin v US 274 US 109 ( 1976) US v Heffner 420 F2d 809 (4th Cir
1969) Denial of due process Mathews v eldriged 424 US 319 (1976) of admini-
strative law processes Accardi 347 US at 265; cross v US 512 f .2d 1212, 1218
n.9 (4th Cir 1975) Vitarelli v Seaton 359 US 533 (1959).

Since ... family/fat

nting; Medical; Truma, no fauld of Inmate F.B.O.P failure to provide FTA/FTC Prog
Federal Bureau of Prisons failed to comply with the
time frame to implement the first step act Federal Time Credits
at he following Institions of which housed inmate 84944083
FCI-CUM-MD; USP Hazelton WV: AUSP Thomson IL; USP MCCreary KY; FCI Beckely WV
[llegal "SHU" adminstrative detentions, and frudulently fabricated 28 CFR 541.3.

1. At no Time Did Inmate 84944-083 Refuse IFP contract.

2. The above F.B.O.P Instutions; fraudulent misresprentions FRP Refusal

3. The above F.B.O.P Instutitions fraudulent P.S 5270.11 Admin "SHU"Detent:

4. While Inmate 84944-083 at the above instutition on FSA/FTC waiting list

5. F.B.O.P failed to comply with 18 USC 3632(d)(4)(A) in a timely mannor

6. F.B.O.P failed to comply with 18 USC 3632(d)(4)(A)(i) in a timely mannor

7. F.B.O.P Failed to comply with 18 USC 3632(d)(4)(A)(ii) as required

8. F.B.O.P Failed to comply with 18 USC 3632(a) as requried

9. F.B.O.P Failed to comply with 18 USC 3632(b) as requried

10. F.B.O.P Failed to comply with 18 USC 3621(h) as requried

11. F.B.O.P Failed to comply with 18 USC 3624 (c)(1) as requried

12. F.B.O.P Failed to comply with 18 USC 3624 (c)(2) as requried

13. F.B.O.P Failed to comply with 18 USC 3624 as requried

14. F.B.O.P Failed to comply with 18 USC 3635 as requried

15. F.B.O.P Failed to comply with 18 USC 3624(g) as requried

16. F.B.O.P Failed to comply with 18 USC 3633 as required

17. F.B.O.P Failed to comply with 18 USC 3632(d)(4)(f) as requried

18. F.B.O.P Failed to comply with 18 USC 3632(7) as requred § 3624

19. F.B.O.P Failed to comply with 18 USC 3632(d)(1)&(2)&(3)(4)&(5)&(6)&(7).

20. F.B.O.P Failed to comply with P.S. 5380.08; 4500.12; 18 USC 3614.

21. Through no fault of Inmate 84944-083 the following institutions
FCC Butner NC; FMC Lexetion KY; FMC Butner NC; FCI-CUM-MD; USP
Hazelton WV: AUSP Thomson IL: USP McCreary KY; and FCI Beckley WV:
Failed to comply with the substantive / procedural due processes of
F.B.O.P Program Statement; 6031.04; 6340.04; 6400.03; 6270.01; 6010.05;
6010.03; 5884.03; 5800.17; 5800.15; 5580.08; 5566.06: 5511.07; 5380.08;
5370.11; 5331.02; 5324.12; 5324.07; 5322.13; 5321.08; 5210.16; 5310.17;
5300.21; 5290.15; 5290.14; 5270.09; 5270.11; 7217.06: 5265.14; 5200.06;
5180.05; 3713.29; 3413.24; 3420.11; 1542.06: 1380.12; 1350.01; 1210.24;
1330.18; 1320.06; 1315.07; 1221.66; 1120.18; 1070.08; 1040.04; 6013.01;
6027.02; 6031.04; 6360.04; 7320.01 CN-2: 5803.08; 5800.15 CN-1; 5322.13
1351.05 CN-1; 3420.11; 3433.01; 3713.29; 3939.07; 4220.06; 4500.12; CN-
5050.50; 5325.07 CN-1; 5331.02 CN-2; 7310.04; 7030.01; 7300.09 CN-2
7379,111 5380.081 5580.801 5800.17; 5803.08; 5880.24; 5500.08; 5800.17;
5803.08; 5880.28; 5884.02; 7030.01; 5800.18; 5640.04; 6090.04; 6027.02:
6770.01; 6031.04: 5200.06; 28 CFR § 500.01(c) OPI: CPD/SSC 004-2018
Adjusted Release Notification Procedures non- compliances. Including
management of ageing offrnders program statement policy violations

Case 5:22-cv-00254    Document 55    Filed 05/15/23    Page 42 of 45 PageID #: 323

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

GROUND FOUR: Respondents unlawful & unconstituional Statutory interpretati
s. 18 USC §§§§ 3621(b); 3582(c)(1)(A)
3624(g); 3632(d)(4); 34USC 60541; depriving Petitioner of
xcellerated release. Second Chance Act: CARES ACT COVID-19: FSA/FTC; elderly offen
rs. Including respondent unconstitutionally vauge interpretaion of crime of violenc
8 USC 16(b) P/S 5152.05 catagory of offence PST/PSR & judgement & commitment Order

(a) Supporting facts *(Be brief. Do not cite cases or law.)*: Respondents Program Statements and codes
f Federal Regulations implementions do not comply with Congress Statutory interpre
ons: Crime of Violence; Elderly Offenders Program, CARES-ACT=COVID=19: Second Chan
Act; First Step Act Of 2018; compassionate release; home confinement program stat
ents #'s: 1221.66;1210.23;1330.18;5220.01;5050.50;5322.13;5325.07;5380.08;5511.07;
800.15CN-1;5800.17;5880.28;5884.03;7030.01;7300.09:CN-3: 7310.04;7320.01CN-2 denia
ue process non-compliance Statutory requirments. Denial of substative and proceedu
1 due process codes of federal regulations. Deprived Plaintiff of excelerated rele
e. Including failure to properly calculate Good Conduct time, Federal Time Credits
mproperly withheld, improperly disallowed, reductions in sentence.

(b) Did you present Ground Four in all appeals that were available to you?

☒ Yes          ☐ No

14.  If there are any grounds that you did not present in all appeals that were available to you, explain why you did
not: Respondents unlawfully denied access to legal property, 28 USC 2255,
28 USC 2241, 18 USC 3582(c)(1)(A), denial access to 28 CFR 542 et seq
meaningful access denied. 18 USC 3632(d)(4)(A)(ii) not propertly appli-
ed. Retalatory transfer / redesignation FMC Rochester MN, Threats
actual and factual innocence US v Davis 5:14-CR-240-D (ED NC)
indimidations, harrasments denial indigent legal activites.

Request for Relief

15. State exactly what you want the court to do: All Releif as proper & Just: Immediate Release:
Properly interpretate all Federal Statues & Codes of Federal Regulations
depriving petitioner of excellerated release: Grant Declatory & Injuntive
release & releif: Finde Respondents Accardi Violations: find respondents
Abuse of discretion depriving petitioner of accellerated release: Find
respondents failed to comply with federal statues & there factors not having
been taken into consideration that deprived petitioner of excellerated rel-
ease: Require Respondents to Produce all of Petitioners Electronic Request
to Staff E-Mails-All 28 CFF 541.1-8 Documents-All 28 CFR 542 et seq document
s-All FSA/FTC 18 USC 3632(d)(4)(A)(ii) related documents. Find that petiti-
ioner is being unlawfully and unconstitionally held prisioner actually &
factually innocenet of US v Davis 5:14-CR-240-D (EDNC); Any other 28 USC
2241 Relief: Hold respondents accountable for Fraud upon the court in
respone to petitioners 28 USC 2241 and or other motions & pleading.

Page 9 of 10

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

### Declaration Under Penalty Of Perjury

If you are incarcerated, on what date did you place this petition in the prison mail system:

04/10/23

I declare under penalty of perjury that I am the petitioner, I have read this petition or had it read to me, and the information in this petition is true and correct. I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

Date: 04/10/23

_William Scott ___ a_
*Signature of Petitioner*

*Signature of Attorney or other authorized person, if any*

Page 10 of 10

◇84944-083◇
William S Davis II
FMC Rochester
PO BOX .4000
Rochester, MN 55903-4600
United States



ST PAUL MN 551
THU 11 MAY 2023 AM

◇84944-083◇
Us Dc Wv Clerk
United States Courthouse
110 Heber Street CUT OFF
Beckley, WV 25801
United States

Legal
mail



FEDERAL MEDICAL CENTER
PO BOX 4600
ROCHESTER, MN 55903-4600
DATE_____ MAY 1 0 2023
The enclosed letter was processed through
special mail procedures for forwarding to you.
The letter has been neither opened or inspected.
If the writer raises a question of problem over
which this facility has jurisdiction, you may wish
to return the material for further information
or clarification. If the writer encloses correspon-
dence for forwarding to another addressee
please return the enclosure to the above address.

