# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# AT BECKLEY

W. SCOTT DAVIS,

      Petitioner,

v.                                          CIVIL ACTION NO. 5:22-cv-00254

KATINA HECKARD,

      Respondent.

### MEMORANDUM OPINION AND ORDER

Pending is Petitioner W. Scott Davis's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, filed June 13, 2022 [Doc. 1], and his Amended Petition, filed August 3, 2022. [Doc. 15]. Also pending are other miscellaneous motions [Docs. 49, 50, 56, 58, 63, 64, 67, 68, 71, 73]. This action was previously referred to the Honorable Omar J. Aboulhosn, United States Magistrate Judge, for submission of proposed findings and a recommendation ("PF&R"). Magistrate Judge Aboulhosn filed his PF&R on May 12, 2023. [Doc. 54]. Magistrate Judge Aboulhosn recommended that the Court deny Mr. Davis's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 and his Amended Petition [Docs. 1 and 15], and remove this matter from the Court's docket. Mr. Davis filed his Objection to the PF&R on June 5, 2023. [Doc. 65]. The matters are ready for adjudication.

### I.

Mr. Davis filed his Petition on June 13, 2022. [Doc. 1]. Although his precise claims are difficult to ascertain,[1] Mr. Davis first appears to assert employees at Federal Correctional

---

[1] "The handwritten pro se document is to be liberally construed." *Estelle v. Gamble*, 429

Institution ("FCI") Beckley violated his due process rights during an unspecified disciplinary proceeding. *Id.* at 6. He next contends that FCI Beckley has failed to properly administer time credits under the First Step Act and that, based on his care level and security risk, the Bureau of Prisons has improperly designated him at FCI Beckley. *Id.* Finally, Mr. Davis states that FCI Beckley unlawfully handled his inmate trust fund account. *Id.* at 7.

Mr. Davis filed an Amended Petition on August 3, 2022. [Doc. 15]. In his Amended Petition, first Mr. Davis argues his due process rights were violated during a disciplinary proceeding through "fraudulently fabricated and illegally manufactured" documents. *Id.* at 6, 11. Second, Mr. Davis concludes that the Bureau of Prison ("BOP") is not properly crediting him with good conduct time credits. *Id.* at 6, 9, 11. Third, Mr. Davis alleges he is being improperly housed at FCI Beckley, a Care Level 2 Facility. *Id.* at 6. He claims to be a Care Level 3 inmate. *Id.* Fourth, Mr. Davis alleges that his security classification is incorrect and FCI Beckley is not properly implementing the First Step Act. *Id.* at 7. Fifth, Mr. Davis asserts that Warden Heckard confiscated his legal property in retaliation for filing grievances. *Id.* at 9. Sixth, Mr. Davis asserts that BOP staff are improperly opening his legal mail outside his presence and confiscated mail. *Id.* at 10. Seventh, Mr. Davis states he is challenging the conditions of confinement. *Id.* Eighth, Mr. Davis contends that he is being deprived of programs that could potentially entitle him to earned time credit under the First Step Act. *Id.*

---

U.S. 97, 106, 97 S. Ct. 285, 292, 50 L. Ed. 2d 251 (1976). "While pro se complaints may 'represent the work of an untutored hand requiring special judicial solicitude,' a district court is not required to recognize 'obscure or extravagant claims defying the most concerted efforts to unravel them.'" *Weller v. Dep't of Soc. Servs. for City of Baltimore*, 901 F.2d 387, 391 (4th Cir. 1990) (quoting *Beaudett v. City of Hampton,* 775 F.2d 1274, 1277 (4th Cir.1985), *cert. denied,* 475 U.S. 1088, 106 S.Ct. 1475, 89 L.Ed.2d 729 (1986)). "Only those questions which are squarely presented to a court may properly be addressed." *Weller*, 901 F.2d at 391.

## II.

The Court need not review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140 (1985); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Failure to file timely objections constitutes a waiver of de novo review and the Petitioner's right to appeal the Court's order. *See* 28 U.S.C. § 636(b)(1); *see also United States v. De Leon-Ramirez*, 925 F.3d 177, 181 (4th Cir. 2019) (Parties may not typically "appeal a magistrate judge's findings that were not objected to below, as § 636(b) doesn't require de novo review absent objection."); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989). Further, the Court need not conduct de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

## III.

As to Mr. Davis's "motion in objection to all USMJ order and recommendations" [Doc. 49], Mr. Davis seeks miscellaneous relief, and has filed subsequent independent motions seeking the same or similar relief. Inasmuch as Mr. Davis has responded to and filed objections to filings he alleges to have not received, those claims have been resolved. As to Mr. Davis's request for a certification for interlocutory appealability, the Court has previously addressed similar motions requesting interlocutory appealability. [Doc. 37]. Pursuant to 18 U.S.C. § 1292(b), an interlocutory order may be appealed only if the district court finds that it "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an

immediate appeal from the order may materially advance the ultimate termination of the litigation." Mr. Davis has failed make this showing. The Court has also previously addressed a motion to alter or amend Magistrate Judge Aboulhosn's Order denying Mr. Davis's Request for Counsel [Doc. 20]. Mr. Davis must provide sufficient evidence demonstrating that the magistrate judge's refusal to appoint counsel was "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). There is no further need to address Mr. Davis's request for counsel. [Doc. 61]. Accordingly, the Court **DENIES** Mr. Davis's "motion in objection all USMJ order and recommendations." [Doc. 49].

In his first Motion to Vacate [Doc. 50], Mr. Davis seeks to vacate the standing referral order. He alleges he has not received Court orders, and therefore asserts "all judgments void need to be vacated" under *Rule* 60. [Doc. 50]. The Court has previously addressed similar or identical motions filed by Mr. Davis to vacate this Court's standing referral order pursuant to 28 U.S.C. § 636(b)(1). There is no further need to address this matter. [Docs. 37, 48, 61]. Further, Mr. Davis has responded to and filed objections to filings he alleges to have not received; therefore those claims have been resolved. The Court **DENIES** Mr. Davis's Motion to Vacate. [Doc. 50].

Mr. Davis seeks the Court's permission for the Petition for Writ of Habeas Corpus pursuant 28 U.S.C. § 2241 filed on May 15, 2023, [Doc. 55] to be treated as a supplemental pleading to his Petition [Doc. 1] and Amended Petition [Doc.15]. *Federal Rules of Civil Procedure* 15(d) provides "[o]n motion and reasonable notice, the court may, on just terms permit a party to serve a supplemental pleading setting out any transaction, occurrence or event *that happened after the date of the pleading to be supplemented*." Fed. R. Civ. P. 15(d) (emphasis added). Mr. Davis filed his Petition on June 13, 2022, and Amended Petition on August 3, 2022. The proposed supplemental pleading alleges facts that occurred prior to the filing of Mr. Davis's Petition and

Amended Petition. Accordingly, Mr. Davis fails to satisfy *Rule* 15(d) and thus the Court **DENIES** his Request for Permission to Supplement 28 U.S.C. § 2241. [Doc. 64].

Mr. Davis brings multiple subsequent motions under *Rule* 60. [Docs. 63, 68, 71]. Mr. Davis brings his Motion to vacate the PF&R filed on, May 12, 2023, [Doc. 54] for fraud upon the court pursuant to *Rule* 60(b)(1), (4)–(6) and *Rule* 60(d)(3). Mr. Davis's seeks miscellaneous relief under *Rule* 60(b)(1), (4), (6), and *Rule* 60(d)(3) to reopen his Petition. [Doc. 68]. Lastly, Mr. Davis filed a Motion for Reconsideration under *Rule* 11. The Court will consider Mr. Davis's Motion for Reconsideration as a motion filed under *Rule* 60(b).

"The federal courts have struggled with the definition of "fraud on the court" in the context of *Rule* 60(b) have found such definition elusive but have generally agreed that the concept should be construed very narrowly." *Great Coastal Exp., Inc. v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am.*, 675 F.2d 1349, 1356 (4th Cir. 1982) (internal citations omitted).

> "[F]raud on the court" is typically confined to the most egregious cases, such as bribery of a judge or juror, or improper influence exerted on the court by an attorney, in which the integrity of the court and its ability to function impartially is directly impinged.

*Id.* "As a threshold matter, the movant must demonstrate the existence of a meritorious claim or defense." *Square Const. Co. v. Washington Metro. Area Transit Auth.*, 657 F.2d 68, 71 (4th Cir. 1981). "A party seeking relief under subsection (3) of the rule must also prove the misconduct complained of by clear and convincing evidence and demonstrate that such misconduct prevented him from fully and fairly presenting his claim or defense." *Id.* Further, "[a] judgment is not 'void' under Rule 60(b)(4) merely because it is erroneous." *Cromer v. Kraft Foods North Am.,* 390 F.3d 812, 817 (4th Cir.2004). "An order is "void" for purposes of Rule 60(b)(4) 'only if the court rendering the decision lacked personal or subject matter jurisdiction or acted in a manner

inconsistent with due process of law.'" *Campbell v. Beane*, No. CIV.A. 2:08-1102, 2012 WL 2998576, at *2 (S.D.W. Va. July 23, 2012) (quoting *Wendt v. Leonard,* 431 F.3d 410, 412 (4th Cir.2005)).

Mr. Davis seeks to vacate the PF&R entered by Magistrate Aboulhosn for fraud upon the Court in Warden Heckard's Response to Order to Show Cause specifically the attached Exhibit #1. [Doc. 42-1]. Exhibit #1 is the Declaration of Misty Shaw, a paralegal for the Mid-Atlantic Regional Office Consolidated Legal Center. In her declaration, Ms. Shaw states that Mr. Davis has filed 376 requests for administrative remedies while incarcerated, and of those remedies only two were exhausted through the Central Office. Further, while incarcerated at FCI Beckley Mr. Davis was able to file nine requests for administrative remedies. Mr. Davis has failed to provide the court with "clear and convincing evidence" of fraud upon the Court that rises to the level impairing the integrity of the Court and its ability to function impartially. In support of his Motion to Reopen, Mr. Davis directs the court to his supplemental pleading. [Doc. 64]. The Court has denied his motion to supplement and accordingly the Court disregards the supplemental pleading when considering his motion. Lastly, the magistrate judge has jurisdiction over the matter. [Docs. 37, 48, 61]. The Court therefore **DENIES** three of Mr. Davis's motions regarding *Rule* 60. [Docs. 63, 68, 71].

For the reasons stated above and those previously stated, [Docs. 37, 48, 61], the Court **DENIES** Mr. Davis's request to vacate the standing referral order. [Doc. 56].

For the reason stated above and those previously stated [Doc, 61], the Court **DENIES** Mr. Davis's Motion for Appointment of Counsel. [Doc. 58].

In his Motion for Leave to Appeal All Orders and Judgment, Mr. Davis has failed make the required showing pursuant to 18 U.S.C. § 1292(b) described above, therefore, the Court

**DENIES** this motion. [Doc. 67].

Mr. Davis filed his Motion for Evidentiary Hearing, [Doc. 73], on July 3, 2023. The United States Court of Appeals for the Fourth Circuit provided the standard for when a district court must hold an evidentiary hearing in habeas corpus proceedings.

> But "when a prisoner who seeks a writ of habeas corpus provides competent evidence (such as an affidavit by someone with personal knowledge of the events) contradicting an assertion by the prison disciplinary board on a material question of fact pertinent to an issue of constitutional law, the district court must hold an evidentiary hearing to determine where the truth lies."

*Lennear v. Wilson*, 937 F.3d 257, 275 (4th Cir. 2019) (quoting *Johnson v. Finnan*, 467 F.3d 693, 694–95 (7th Cir. 2006) (citation omitted)). In his Motion for Evidentiary Hearing, Mr. Davis fails to provide "competent evidence" contradicting FCI Beckley. Accordingly, the Court does not find an evidentiary hearing is warranted and **DENIES** Mr. Davis Motion for an Evidentiary Hearing. [Doc. 73].

Inasmuch as all Mr. Davis's arguments are meritless, the Court **DENIES** his ten motions. [Docs. 49, 50, 56, 58, 63, 64, 67, 68, 71, 73].

On June 5, 2023, Mr. Davis filed his objections to the PF&R. [Doc. 65]. In his objections Mr. Davis repeats claims from his Petition, Amended Petition, and other motions he has filed. Specifically, Mr. Davis objects to Magistrate Judge Aboulhosn's jurisdiction over his claim. The Court has previously passed on the magistrate judge's alleged lack of jurisdiction prior to the magistrate judge's PF&R. There is no further need to address it. [Doc. 37, 48, 61]. Mr. Davis raises general objections alleging due process violations identical to those filed in his Petition and Amended Petition. [Doc. 1 at 6, Doc. 15 at 6, 11. Doc. 65 at 1]. Mr. Davis's repeated objections express a "general and conclusory" disagreement with the magistrate judge's PF&R *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Inasmuch as Mr. Davis's remaining objections are

meritless, the Court **ADOPTS** the PF&R [**Doc. 54**], **DISMISSES** the Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 and the Amended Petition [**Docs. 1 and 15**] and **DISMISSES** the matter.

## IV.

The Court **DIRECTS** the Clerk to transmit a copy of this written opinion and order to counsel of record and any unrepresented party.

ENTER: October 31, 2023



Frank W. Volk
United States District Judge